NORTH v DEPARTMENT OF MENTAL HEALTH

Docket No. 75837. Argued June 4, 1986 (Calendar No. 16). Decided December 30, 1986.

Mildred North, as administratrix of the estate of Frederick North, deceased, brought an action in the Court of Claims against the Department of Mental Health, alleging the wrongful death of the decedent at Northville State Hospital. The court, Jack W. Warren, J., granted accelerated judgment for the defendant on the ground that a prior dismissal of the same action with prejudice for no progress operated as an adjudication on the merits, barring refiling the claim. The Court of Appeals, V. J. BRENNAN, P.J., and CYNAR and OPPLIGER, JJ., affirmed in an unpublished opinion per curiam (Docket No. 72523). The plaintiff appeals.

In an opinion by Justice BOYLE, joined by Chief Justice WILLIAMS and Justices BRICKLEY and RILEY, the Supreme Court *held*:

1. An administrative decision to dismiss a case for lack of progress does not operate as an adjudication on the merits. However, where a hearing and individualized consideration is given to the party against whom dismissal enters, whether in the form of a hearing on the court's own motion as by an order to show cause, appearance at a no-progress call, or on a motion for reinstatement of a no-progress dismissal, a dismissal under GCR 1963, 504.2 is with prejudice.

2. A determination that a dismissal is with prejudice will be upheld on appeal if the record indicates that the trial court has not abused its discretion. Given the vast array of circumstances presented to the trial courts, a per se rule governing the exercise of such discretion is unwise and unworkable.

3. Dismissal is a harsh remedy and should be invoked cautiously. A trial court should evaluate the length, circumstances, and reasons for a delay in light of the need for administrative efficiency and the policy favoring the decisions of cases on their

REFERENCES

Am Jur 2d, Dismissal §§ 9 *et seq.*, 48 *et seq.*

See the annotations in the Index to Annotations under Dismissal, Discontinuance, and Nonsuit.

merits, considering among other factors: the degree of the plaintiff's personal responsibility for the delay, the amount of prejudice to the defendant caused by the delay, whether there exists a lengthy history of deliberate delay, and whether the imposition of lesser sanctions would not better serve the interests of justice. In this case, a dismissal with prejudice was not warranted.

Justice LEVIN, joined by Justices CAVANAGH and ARCHER, writing separately, stated that a dismissal of an action for no progress is without prejudice and does not operate as an adjudication on the merits or bar refiling of the action. While a trial court has ample power in an appropriate case to dismiss for lack of prosecution, such dismissal was not warranted in this case.

Reversed and remanded.

1. ACTIONS — DISMISSAL — NO PROGRESS.

An administrative decision to dismiss a case for lack of progress does not operate as an adjudication on the merits; however, where a hearing and individualized consideration is given to the party against whom dismissal enters, whether in the form of a hearing on the court's own motion as by an order to show cause, appearance at a no-progress call, or on a motion for reinstatement of a no-progress dismissal, a dismissal is with prejudice (GCR 1963, 504.2).

2. ACTIONS — DISMISSAL — NO PROGRESS.

A trial court, in determining whether to dismiss an action for no progress with prejudice, should evaluate the length, circumstances, and reasons for the delay in light of the need for administrative efficiency and the policy favoring the decisions of cases on their merits, considering among other factors: the degree of the plaintiff's personal responsibility for the delay, the amount of prejudice to the defendant caused by the delay, whether there exists a lengthy history of deliberate delay, and whether the imposition of lesser sanctions would not better serve the interests of justice.

*Sanford Topper* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan Hoffman,* Assistant Attorneys General, for the defendant.

BOYLE, J. We are asked to determine in this case whether the trial court properly determined that the no-progress dismissal and the subsequent denial of plaintiff's motion to reinstate operated to dismiss plaintiff's case with prejudice, thus barring any refiling of the claim. We hold that it did not, and reverse the decision of the Court of Appeals which affirmed the trial court's judgment.

An administrative decision to dismiss a case for lack of progress does not operate as an adjudication on the merits. However, where a hearing and individualized consideration is given to the party against whom dismissal enters, whether in the form of a hearing on the court's own motion as by an order to show cause, appearance at a no-progress call, or on a motion for reinstatement of a no-progress dismissal, a dismissal under GCR 1963, 504.2 is with prejudice, *Eliason Corp v Bureau of Safety & Regulation,* 564 F Supp 1298, 1301 (WD Mich, 1983); GCR 1963, 504.2.[1]

A determination that a dismissal is with prejudice will be upheld on appeal if the record made below indicates that the trial court has not abused its discretion. Given the vast array of circumstances presented to the trial courts, a rule governing the exercise of such discretion per se is unwise and unworkable. Thus, we disagree with the suggestion of the concurrence that before imposing a dismissal with prejudice a trial court must engage in a series of less drastic sanctions.

The trial court's front-line responsibility for the administration of justice mandates the potential

---

[1] To facilitate a determination of whether a dismissal operates with prejudice, the preferable practice under the former court rule was for the trial court to specify under which court rule the dismissal was issued and whether the dismissal was to operate with prejudice. Under the new court rule, MCR 2.502(B)(1), this procedure is required because a dismissal pursuant to that rule "is without prejudice unless the court specifies otherwise."

use of sanctions for delay. As observed by the United States Supreme Court in *Nat'l Hockey League v Metropolitan Nat'l Hockey Club, Inc,* 427 US 639, 643; 96 S Ct 2778; 49 L Ed 2d 747 (1976),

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

Our legal system is also committed to a counter-vailing policy favoring disposition litigation on the merits, see *Hurt v Cambridge,* 21 Mich App 652; 176 NW2d 450 (1970), which will frequently be found to be overriding. Thus, appellate courts have often warned "that dismissal with prejudice is . . . to be applied only in extreme situations." Wright & Miller, Practice and Procedure, § 2369, p 193.

Mindful of the fact that dismissal is a harsh remedy to be invoked cautiously, the trial court should evaluate the length, circumstances, and reasons for delay in light of the need for administrative efficiency and the policy favoring the decisions of cases on their merits, considering among other factors: 1) the degree of the plaintiff's personal responsibility for the delay, 2) the amount of prejudice to the defendant caused by the delay, 3) whether there exists a lengthy history of deliberate delay, and 4) whether the imposition of lesser sanctions would not better serve the interests of justice. *Davis v Williams,* 588 F2d 69, 70 (CA 4, 1978).

Applying these considerations to the case at bar, we hold that a dismissal with prejudice is not

warranted. Therefore, we reverse the decision of the Court of Appeals and remand the case for proceedings consistent with this opinion.

WILLIAMS, C.J., and BRICKLEY and RILEY, JJ., concurred with BOYLE, J.

LEVIN, J. (*separate opinion*). The plaintiff commenced an action in the Court of Claims for wrongful death which appeared on the no-progress calendar and was dismissed. After plaintiff's motion for reinstatement was denied, the plaintiff commenced this action in the Court of Claims for wrongful death.

The complaint in this action made the same allegations against the same defendant as were made in the complaint in the action dismissed for lack of progress. Asserting that the dismissal of the earlier action operated as an adjudication on the merits and barred commencement of this action, the defendant moved for accelerated judgment. The motion was granted. The Court of Appeals affirmed.[1] We reverse and remand for trial.

I

The court rule provides that a no-progress calendar shall be prepared quarter annually "of all the actions on the civil calendar pending and undisposed of in which no steps or proceedings appear to have been taken within 1 year."[2] The action may not be dismissed by the trial court "for want of prosecution" if it is shown that the failure to take steps or proceedings was "not due to the

[1] Unpublished opinion per curiam of the Court of Appeals, decided January 7, 1985 (Docket No. 72523).
[2] GCR 1963, 501.3.

plaintiff's fault or lack of reasonable diligence."[3] The trial court may reinstate an action that it has dismissed for no progress.[4]

The court rule provides for voluntary and involuntary dismissals. Unless otherwise stated or specified in the order, a voluntary dismissal is without prejudice.[5] In contrast, an involuntary dismissal

---

[3] *Id.*

The present court rule concerning the no-progress calendar provides:

> (A) NOTICE OF PROPOSED DISMISSAL. At least once in each calendar quarter, the court may notify the parties in those actions in which no steps or proceedings appear to have been taken within one year (182 days in district court) that the action will be dismissed for lack of progress unless the parties appear as directed by the court and show that progress is in fact being made or that the failure to prosecute is not due to the fault or lack of reasonable diligence of the party seeking affirmative relief. The notice shall be given in the manner provided in MCR 2.501(C) for notice of trial.
>
> (B) ACTION BY COURT.
>
> (1) If a party does not appear as directed by the court, or does not make the required showing, the court may direct the clerk to dismiss the action for want of prosecution. Such a dismissal is without prejudice unless the court specifies otherwise.
>
> (2) An action may not be dismissed for lack of progress
>
> (a) if it is set for trial,
>
> (b) if a pretrial conference is scheduled, or
>
> (c) before the date specified for completion of discovery under MCR 2.301.
>
> (3) If an action is not dismissed under this rule, the court shall enter orders to facilitate the prompt and just disposition of the action. [MCR 2.502.]

[4] The court rule in effect at the time the earlier action was dismissed for lack of progress did not provide for reinstatement, but the practice was to recognize a power in the trial court to do so. The present rule provides expressly for reinstatement:

> On motion for good cause, the court may reinstate an action dismissed for lack of progress on terms the court deems just. On reinstating an action, the court shall enter orders.to facilitate the prompt and just disposition of the action. [MCR 2.502(C).]

[5] GCR 1963, 504.1.

operates as an adjudication on the merits unless the order for dismissal otherwise specifies.[6]

Although the rule in terms[7] would seem to provide that an action dismissed following its appearance on a no-progress calendar is deemed to have been dismissed with prejudice, a no-progress dismissal is without prejudice and, thus, does not operate as an adjudication on the merits or bar refiling of the action.[8]

The present court rule, effective March 1, 1985, provides expressly that a no-progress "dismissal is without prejudice unless the court specifies other-

---

[6] Involuntary Dismissal; Effect. For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence to the court in any action tried without a jury, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Thereupon, the court as trier of the facts may determine them and render judgment against the plaintiff, or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 517. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. [GCR 1963, 504.2. Emphasis supplied.]

[7] See n 6 and specifically the words "and any dismissal not provided for in this rule."

[8] See *Caughey v Rozycki,* 22 Mich App 317; 177 NW2d 257 (1970).

GCR 1963, 501.3, the former court rule providing for a no-progress calendar (see text accompanying ns 2 and 3), replaced a corresponding provision of the Judicature Act of 1915; 1915 CL 12573 *et seq.;* 1948 CL 618.1 *et seq.* The Judicature Act of 1915 provided that "any cause appearing under this heading shall be dismissed by the court for want of prosecution, but *without prejudice,* at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary." (Emphasis supplied.) 1915 CL 12574; 1948 CL 618.2.

The statutes of limitations are tolled during the pendency of an action dismissed for no progress. MCL 600.5856; MSA 27A.5856.

wise."[9] Messrs. Martin, Dean, and Webster state that the present court rule is "in accord with existing caselaw."[10]

## II

The defendant asserts that although a dismissal of a cause that has appeared on a no-progress calendar is generally without prejudice, such a dismissal should be deemed to be with prejudice where there has been "individual consideration"[11] by the judge whether to enter a no-progress dismissal.

Plaintiff's counsel appeared on January 11, 1983, when the no-progress calendar was called, and sought to explain the lack of progress. The judge responded that "[t]he last entry was November 26, 1979" and dismissed the case. The order of dismissal was silent whether the dismissal was with or without prejudice.

At the hearing on plaintiff's motion for reinstatement, plaintiff's lawyer said that a year before the case appeared on the no-progress calendar it had appeared on the no-progress calendar of another judge, no longer on the bench, and that the judge said he would set the matter for final pretrial and for trial. The lawyer added that he was not aware of a local court rule requiring the filing of a ready-for-trial praecipe.

Defendant's lawyer responded that at a pretrial, in mid-1979, plaintiff's lawyer had indicated an intention to seek discovery and that the defendant

---

[9] MCR 2.502(B). The Michigan Court Rules became effective on March 1, 1985, and govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. MCR 1.102.

[10] Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.502, p 13.

[11] *Caughey v Rozycki,* n 8 *supra,* pp 321-322, discussed in part III.

had, in November, 1979, over three years before the dismissal, sent the plaintiff interrogatories to which the plaintiff had not responded. Plaintiff's lawyer said that he had not been able to find the interrogatories in the office file, that he had not received a follow-up letter or other communication from the defendant seeking a response, nor had defendant filed a motion to compel a response to the interrogatories. Insofar as discovery was concerned, plaintiff's lawyer said he did not require discovery; there was, he said, no need for expert testimony, the cause of death being a fall from the roof of the Northville State Hospital, and that he intended to rely on the testimony of employees of the defendant without discovery.

The judge asked plaintiff's lawyer whether the rule, providing that a case shall appear on the no-progress calendar where there had been no step or proceeding within a one-year period, was applicable. The plaintiff's lawyer acknowledged, in effect, that the rule was applicable. The judge noted that nothing had been filed with the court by the plaintiff in over three years since a pretrial statement was filed in May, 1979. The judge then observed that he had already decided the matter in January, 1983, when the case was dismissed, and said that he didn't see good cause for reinstatement "due to the extreme length of time that has transpired and a rather clear No Progress Court Rule," and that the motion to reinstate would be denied.

The judge who granted accelerated judgment in the instant case on the ground that the no-progress dismissal barred commencement of this action said, where "the same judge who conducted the no-progress call heard and passed upon the motion for reinstatement, that accelerated judgment lies." He added that where a case is "dismissed for no

progress" and the plaintiff's motion for reinstatement is opposed by the defendant "substantially we have the same situation as if the Defendant were to move for dismissal for lack of prosecution."

Putting aside for a moment the question whether the filing by the plaintiff of a motion for reinstatement may be treated as if the defendant had moved for dismissal for lack of prosecution and result in converting what was theretofore a dismissal without prejudice into a dismissal with prejudice, we are of the opinion that viewing the matter as did the circuit judge who dismissed the instant action—as if the defendant had filed a motion to dismiss the earlier action for lack of prosecution—this is not a case in which a dismissal with prejudice could have been appropriately ordered.

### A

The court rule provides that "[f]or failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."[12] Although the court rule does not, in contrast with the corresponding Federal Rule of Civil Procedure,[13] specifi-

---

[12] GCR 1963, 504.2. See n 6 for complete text. The present rule similarly provides: "If the plaintiff fails to comply with these rules or a court order, a defendant may move for dismissal of an action or a claim against that defendant." MCR 2.504(B)(1). The present rule further provides, as did predecessor GCR 1963, 504.2: "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." MCR 2.504(B)(3).

[13] FR Civ P 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

cally provide for dismissal because of a plaintiff's failure to prosecute the action, the trial courts of this state have the power to dismiss a case with prejudice or to enter a judgment by default for lack of prosecution or defense.

The court rules specifically provide for the imposition of sanctions for failure to appear at a scheduled pretrial conference[14] or for refusal to answer an interrogatory or otherwise to make discovery.[15] Upon refusal to answer an interrogatory, the proponent may apply to the court for an order compelling answer. If the motion is granted and the court finds that the failure was without substantial justification, costs, including reasonable attorney fees, may be imposed. If a party refuses to obey an order requiring an answer, the court may, among other alternatives, dismiss the action or enter a judgment by default.[16]

There can be no doubt that a trial court has ample power to require compliance with the court rules and diligent prosecution and defense. Upon motion of a party or on the court's own initiative, an action may be dismissed with prejudice or a judgment by default may be entered against the defendant.

This Court has said that a trial judge clearly has the authority "to take the most drastic step of dismissal of plaintiff's complaint with prejudice," but that "such measures should be exercised cautiously"; in the circumstances of the case at hand, the Court said "the trial judge should have chosen less drastic measures to compel discovery" than dismissal, such as the imposition of costs, and concluded that "the use of the most drastic sanction of dismissal with prejudice was not justified

[14] GCR 1963, 301.9, presently MCR 2.401(F).
[15] GCR 1963, 313.1, presently MCR 2.313.
[16] GCR 1963, 313.2, presently MCR 2.313(B).

by the facts of this case." *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477-478; 270 NW2d 101 (1978).

The Court of Appeals has said that entering a judgment by default or dismissing an action for refusal to make discovery is a drastic sanction that may justifiably be imposed where the refusal is "flagrant and wanton,"[17] and that such a harsh sanction should only be used "with caution" and "where the conduct has been inexcusable."[18]

The Michigan Court Rules are, by and large, based on the Federal Rules of Civil Procedure. A number of United States Courts of Appeals have declared that dismissal with prejudice is a harsh sanction to be used only in "extreme cases,"[19] and

---

[17] *Philips Industries, Inc v Smith,* 90 Mich App 237, 246; 282 NW2d 788 (1979).

[18] *Equico Lessors, Inc v Original Buscemi's, Inc,* 140 Mich App 532, 535; 364 NW2d 373 (1985). See also *Carver v Ford Motor Co,* 108 Mich App 359; 310 NW2d 47 (1981); *Jack's Factory Outlet v Pontiac State Bank,* 95 Mich App 174; 290 NW2d 114 (1980); *Richards v O'Boyle,* 21 Mich App 607; 175 NW2d 874 (1970); *Martin v Hess Cartage Co,* 36 Mich App 243; 193 NW2d 357 (1971).

Contrast *Abadi v Abadi,* 78 Mich App 73, 77; 259 NW2d 244 (1977) (entry of a default judgment "is an appropriate remedy where such refusal [to make discovery] is flagrant and wanton"); *Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976) (order of dismissal with prejudice was not an abuse of discretion where there was a failure to comply with a court order requiring plaintiff to make discovery and repeated warnings that continued noncompliance would result in dismissal); *Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969) (dismissal with prejudice was justified, following motion to dismiss, where there had been repeated dilatory conduct and plaintiff had failed to comply with directive to make more certain answers to interrogatories and to produce documents); *Meyer v Walker Land Reclamation, Inc,* 103 Mich App 526; 302 NW2d 906 (1981) (entry of default judgment against the plaintiff and the dismissal of his action were justified where the plaintiff refused to comply with an order compelling answers and the plaintiff refused to answer questions).

[19] *Titus v Mercedes Benz of North America,* 695 F2d 746, 749 (CA 3, 1982); *Rogers v Kroger Co,* 669 F2d 317, 320 (CA 5, 1982) ("such a sanction is reserved for the most egregious of cases"); *Dyotherm Corp v Turbo Machine Co,* 392 F2d 146, 148-149 (CA 3, 1968); *Flaska v Little River Marine Construction Co, Inc,* 389 F2d 885, 887 (CA 5, 1968); *Independent Productions Corp v Loew's, Inc,* 283 F2d 730, 733

have set aside dismissals not adequately sup-
ported,[20] especially where the judge failed to ex-
plore the use of sanctions less harsh than dis-
missal or entry of a default.[21]

---

(CA 2, 1960); similarly, see *Durgin v Graham*, 372 F2d 130, 131 (CA 5,
1967).

[20] *Donnelly v Johns-Manville Sales Corp*, 677 F2d 339 (CA 3, 1982);
*Rogers v Kroger Co*, n 19 *supra*; *Jackson v Washington Monthly Co*,
186 US App DC 288; 569 F2d 119 (1978); *Moore v St Louis Music
Supply Co, Inc*, 539 F2d 1191 (CA 8, 1976); *Peterson v Term Taxi, Inc*,
429 F2d 888 (CA 2, 1970); *Reizakis v Loy*, 490 F2d 1132 (CA 4, 1974);
*Dyotherm Corp v Turbo Machine Co*, n 19 *supra*; *Flaska v Little
River Marine Construction Co, Inc*, n 19 *supra*; *Sykes v United States*,
290 F2d 555, 557 (CA 9, 1961) (vacating a dismissal under a local no-
progress rule, the court said, "[d]ismissal is what counsel deserves[;]
[t]he client deserves a little better"); *Lyford v Carter*, 274 F2d 815 (CA
2, 1960); *Glo Co v Murchison & Co*, 397 F2d 928 (CA 3, 1967); *Davis v
Operation Amigo, Inc*, 378 F2d 101, 103 (CA 10, 1967) ("[a] dismissal,
with prejudice, is a harsh sanction and should be resorted to only in
extreme cases[;] the procedural history of each case must be examined
in order to make such determination[;] [t]he judge must be ever
mindful that the policy of the law favors the learning of a litigant's
claim upon the merits").

[21] *Titus v Mercedes Benz of North America*, n 19 *supra*; *Donnelly v
Johns-Manville Sales Corp*, n 20 *supra*, p 343 (vacating an order of
dismissal, the court said, "there is no indication that the district court
considered imposition of some lesser sanction"); *Rogers v Kroger Co*, n
19 *supra*; *Jackson v Washington Monthly Co*, n 20 *supra*, p 292
("[t]rial-court dismissal of a lawsuit never heard on its merits is a
drastic step, normally to be taken only after unfruitful resort to lesser
sanctions"); *Reizakis v Loy*, n 20 *supra*.
Some courts have reasoned that where the litigant's lawyer was
guilty of dilatory tactics and misconduct, the court should seek to
avoid penalizing the litigant by first taking action against the lawyer.
*Rogers v Kroger Co*, n 19 *supra*; *Jackson v Washington Monthly Co*, n
20 *supra*, p 292 ("[d]ismissals for misconduct attributable to lawyers
and in no wise to their clients invariably penalize the innocent and
may let the guilty off scot-free[;] [w]hen the client has not personally
misbehaved and his opponent in the litigation has not been harmed,
the interests of justice are better served by an exercise of discretion
in favor of appropriate action against the lawyer as the medium for
vindication of the judicial process and protection of the citizenry from
future imposition"); *Moore v St Louis Music Supply Co*, n 20 *supra*, p
1194 ("the attorney inexcusably caused available court time to go
unused when such court time was badly needed to meet the court's
caseload[;] for this he may properly be subject to discipline, but it does
not follow in this case that his client should be the one to feel the
lash"); *Reizakis v Loy*, n 20 *supra*, p 1135 ("in situations where a
party is not responsible for the fault of his attorney, dismissal may be
invoked only in extreme circumstances"); cf. *Chira v Lockheed Air-*

B

The question presented in the instant case is not whether the judge who entered the no-progress dismissal of the earlier action and who refused to reinstate that action acted properly in doing so. The plaintiff has not appealed from the order dismissing the earlier action or from the denial of the motion for reinstatement. The question presented is whether the no-progress dismissal was with or was without prejudice.

Three specific delinquencies were charged against the plaintiff by the defendant during the argument of plaintiff's motion to reinstate the earlier action: the asserted failure to respond to interrogatories, the asserted failure to seek discovery, and the asserted failure to comply with a local court rule requiring that a ready-for-trial praecipe be filed.

We note at the outset that the judge who ordered the no-progress dismissal of the earlier action did not find that the plaintiff was delinquent in any of these particulars. One can visualize a situation where, in refusing to reinstate a case dismissed following its appearance on a no-progress calendar, the judge might have assessed the matter as if there had been a motion by the defendant to dismiss for lack of prosecution (as the judge in the instant case hypothesized) and, finding the plaintiff to have been delinquent, entered an order of dismissal with prejudice. The judge who entered the no-progress dismissal did not, however, say that the cause should be dismissed because plaintiff had failed to respond to interrogatories, had failed to seek discovery, or had failed to comply with a local court rule requiring that a

*craft Corp,* 634 F2d 664 (CA 2, 1980); *Cherry v Brown-Frazier-Whitney,* 179 US App DC 10; 548 F2d 965 (1976).

ready-for-trial praecipe be filed, nor did he rule that the dismissal was with prejudice.

While the court rule provides that a no-progress dismissal shall not be entered, even if one year has elapsed without any step or proceeding having been taken, if progress is in fact being made or the failure to prosecute is not due to the fault or lack of diligence of the plaintiff,[22] implicit in the general rule that a no-progress dismissal is without prejudice, is the consequence that, even if the plaintiff's lawyer appears when the no-progress calendar is called and fails to persuade the judge upon "individual consideration" that the failure to prosecute is not due to the fault or lack of diligence of the plaintiff, the dismissal does not operate as an adjudication on the merits and the plaintiff may file his complaint again. Only where, as the cases have said, the trial court properly finds that the plaintiff's failure is "flagrant and wanton," "the conduct inexcusable," or the situation "extreme," may the court, having attempted less drastic remedies, dismiss the complaint with prejudice or enter a judgment by default.

A dismissal with prejudice thus depends on a finding of serious misconduct or failure and record support for such a finding. Merely because a case appeared, and properly so, on a no-progress calendar and plaintiff's lawyer failed to persuade the judge that the case should not be dismissed and failed again to persuade the judge at a hearing on a motion for reinstatement does not mean that the judge found the requisite misconduct or failure justifying a dismissal with prejudice or that the judge intended a dismissal with prejudice. There must be both the requisite record support for a finding of serious misconduct or failure and the

[22] See ns 2 and 3.

requisite finding of misconduct or failure, and also a determination on the record and in the order by the judge entering the order that dismissal with prejudice is warranted.

The mere passage of time alone does not justify entry of a dismissal with prejudice. There are, unfortunately, trial dockets in which no progress has been made in particular cases for a number of years without any litigant being at fault, and certainly without anyone being so at fault as to justify a dismissal with prejudice or entry of a default judgment. Lawyers are not surprised when more than a year elapses without a court setting a case for pretrial or for trial. This Court is committed to rectifying that condition by establishing time standards.

In the instant case, the judge who allegedly promised to set the case for a final pretrial and trial was experiencing difficulties that might explain why this and other cases were not set for pretrial or trial. If the judge had set a pretrial conference, and had asked the lawyers to take specific action, and they had failed to do so, the judge might in a proper case impose sanctions, including dismissal with prejudice or entry of a judgment by default, but not for the mere passage of time during which neither party nor the judge did anything.[23]

C

Not only is it clear that the no-progress dismissal was not based on a finding by the judge that the plaintiff had been delinquent and that

---

[23] The present court rules clarify that the trial court, not the litigants, has the responsibility of scheduling a case for a pretrial conference, for mediation, and for trial. MCR 2.501. See Martin, Dean & Webster, n 10 *supra*, Rule 2.501, Authors' Comment 2, p 4, and Rule 2.501, Authors' Comment 3, pp 5-6.

such delinquency justified dismissal with prejudice, it is also clear that the judge could not properly have dismissed this case with prejudice on the basis of the asserted delinquencies.

Addressing first the failure to file the answers to interrogatories, plaintiff's lawyer claimed that he had not been able to find in the office file a copy of the defendant's interrogatories to the plaintiff. The defendant's lawyer acknowledged that, although he was aware of a change in counsel in May, 1980 —about six months after the interrogatories had been sent—he did not, after sending the interrogatories, make any effort to obtain a response. He did not telephone plaintiff's lawyer, he did not write a follow-up letter, he did not, as provided in the court rule, file a motion to compel a response. During argument in this Court, defendant's lawyer was asked whether it was not correct to say that both lawyers had failed to do anything from November, 1979, until the case appeared on the no-progress calendar. He responded that as defense counsel he chose to let "sleeping dogs lie." The failure to respond to interrogatories, without a follow-up telephone call, letter, or motion to compel response, would not have justified dismissal with prejudice.

Turning to the asserted failure to comply with the local court rule, requiring the filing of a ready-for-trial praecipe, we first observe that we have not been provided with a copy of the local court rule. Even if only the plaintiff and not the defendant can file such a praecipe, defendant's lawyer could have inquired of the plaintiff whether he was aware of the local court rule,[24] and why he had not filed such a praecipe, or moved to compel the plaintiff to do so. Further, the claim by plain-

[24] The plaintiff's lawyer, an out-of-county lawyer, might not have been aware of the local court rule.

tiff's lawyer that a judge no longer on the bench had promised to set the case for pretrial and trial must be considered on its merits before the cause could, on the basis of a failure to file a praecipe, be dismissed with prejudice. Also, there appears to be a question, because the rules of the Court of Claims imposed on the court the responsibility for setting cases for pretrial and trial,[25] whether the local court rule applied at all in this case. A rule requiring the filing of a ready-for-trial praecipe is not extant in most jurisdictions, and noncompliance in the circumstances of this case would not justify dismissal with prejudice unless the plaintiff had been ordered to file such a praecipe and had failed to do so.

In sum, while the judge might appropriately have entered an order requiring plaintiff to respond to the interrogatories within a designated number of days and to file a ready-for-trial praecipe within a designated time thereafter, dismissal with prejudice would not have been an appropriate sanction unless plaintiff failed to comply with such an order.

Insofar as the failure to seek discovery is concerned, the judge could have taken the plaintiff's lawyer at his word and entered an order stating that plaintiff would not be entitled to any further discovery. Failing to seek discovery does not justify dismissal with prejudice unless the court has entered an order requiring discovery so as, for example, to facilitate the preparation for and trial of the cause. No such order had been contemplated, sought, or entered.

It is apparent that, viewing the matter as suggested by the judge who granted accelerated judgment in the instant case, as if the defendant had

---

[25] Cf. n 23.

moved in the earlier action for dismissal for lack of prosecution, the delinquencies were not of such character as would have justified dismissal of the earlier action for lack of prosecution.

### III

In *Caughey v Rozycki,* 22 Mich App 317, 321-322; 177 NW2d 257 (1970), the Court of Appeals, in holding that a no-progress dismissal is without prejudice, contrasted what ordinarily occurs when a case appears on a no-progress calendar with what should occur when a motion is filed seeking dismissal for lack of prosecution. The Court said:

> A great many cases are dismissed for lack of progress. No individual consideration is given to a particular case on a no progress dismissal list unless an attorney appears or files a motion asking that it be removed from the list. Rule 504.2 contemplates, however, that the circuit judge will exercise his judgment as to whether an involuntary dismissal shall operate as an adjudication upon the merits and that this be a particularized judgment made on the facts and merits of each case. Such individualized judgment simply does not take place when a case is dismissed for lack of progress with dozens of other cases.
>
> No progress dismissals are generally handled ministerially, as is evidenced by the procedure following in this instance; the circuit judge did not consider the matter, he exercised no judgment, he did not attempt to determine whether there was any distinction or basis for differentiation between the antecedent of the present action and the several dozen other actions being dismissed at the same time.
>
> If a defendant were to move for dismissal because of a lack of prosecution and an order of dismissal was entered, such an order would, no doubt, operate as an adjudication on the merits.

But before entering such an order the court, presumably, would give individual consideration to the question whether the order should contain a "without prejudice" proviso. The procedure to be followed in such a case is not at all comparable to the general housecleaning by publication which takes place when large numbers of cases are dismissed for lack of progress without any individualized consideration of whether the dismissal should be with prejudice.

The defendant contends that where there has been individual consideration a no-progress dismissal should be deemed to be with prejudice.

It is apparent from the records made in the trial court that the individualized consideration accorded when a no-progress calendar is called and a lawyer appears seeking to have a case removed from the no-progress calendar, the individualized consideration accorded when a motion for reinstatement is heard, and the individualized consideration of a motion for dismissal for lack of prosecution might be three different species of individualized consideration.

The individualized consideration that must precede a dismissal with prejudice is indicated in the cases we have discussed.[26] Ordinarily, there must be identification of some delinquency on the part of the plaintiff that has continued despite efforts to bring about compliance by the imposition of less drastic sanctions than a dismissal with prejudice. Merely because the judge gave individualized consideration to the matter at a no-progress calendar call or on hearing a motion for reinstatement does not justify dismissal with prejudice where the inquiry does not focus upon and there is no basis for a finding of the kind of delinquency that would justify a dismissal with prejudice.

[26] See ns 17-21.

When a lawyer appears in response to a no-progress calendar and seeks to have the cause removed from the calendar, the judge might in fact limit the inquiry, as did the judge in this case, to a determination whether there had been progress within the preceding twelve months. If the judge looks no further, such individualized consideration would not justify a dismissal with prejudice if for no other reason than that there is nothing to distinguish such a dismissal from the other dismissals (where a lawyer did not appear) on the basis of the same determination that no progress had been made within the preceding twelve months, which other dismissals are perforce without prejudice.

While the judge might, on a motion for reinstatement, look to whether there was delinquency on the part of the plaintiff, he might, as did the judge here, simply reaffirm his determination that nothing had occurred in the preceding year and refrain from making any assessment whether there was delinquency justifying a dismissal with prejudice.

Absent an assessment of individual delinquency, as distinguished from determining whether anything had occurred in the preceding year, there is nothing individualized about the determination that might in an appropriate case warrant a dismissal with prejudice.

IV

The no-progress dismissal of the earlier case would clearly have been without prejudice if plaintiff's lawyer neither appeared in an effort to have the case removed from the no-progress calendar nor had moved to reinstate. It should therefore be an exceptionally clear case where what would

have been a dismissal without prejudice may be converted into a dismissal with prejudice on the basis of what occurred when the plaintiff's lawyer appeared in an effort to have a case removed from the no-progress calendar or moved to reinstate. A lawyer representing a plaintiff should be able to rely on the rule that a no-progress dismissal is without prejudice, and ordinarily should not be deemed to have exposed his client to the risk of a dismissal with prejudice by appearing when the no-progress calendar is called or by moving to reinstate.

v

We wish to emphasize that a trial court has ample power in an appropriate case to dismiss for lack of prosecution. Such dismissal was not warranted in the instant case.

We join in reversal and remand to the Court of Claims.

CAVANAGH and ARCHER, JJ., concurred with LEVIN, J.