# STATE OF MICHIGAN

# COURT OF APPEALS

BRIAN O'CONNELL,

Plaintiff-Appellant,

v

BERRIEN COUNTY TREASURER, JERRY
LOONEY, and KAYE LOONEY,

Defendant-Appellees.

UNPUBLISHED
February 15, 2018

No. 338827
Berrien Circuit Court
LC No. 16-000278-CH

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Plaintiff, Brian O'Connell, appeals as of right from the trial court's May 4, 2017 order dismissing this case without prejudice against defendants, Berrien County Treasurer (the Treasurer), Jerry Looney, and Kaye Looney. We affirm.

## I. BACKGROUND

This case arises out of the tax foreclosure of two parcels of property that plaintiff owned. A judgment of foreclosure was entered, and on August 7, 2015, the Treasurer transferred the properties to the Looneys, who had purchased the parcels at a sheriff's sale. On December 1, 2016, plaintiff filed a complaint and claimed: (1) an action to quiet title, (2) a violation of his right to substantive due process, (3) a violation of due process for a grossly excessive punishment, (4) a violation to his Eighth Amendment right against the imposition of excessive fines, and (5) a violation of due process for failing to take additional steps to provide notice of foreclosure. On April 19, 2017, the trial court entered *sua sponte* an Order and Notice of Intent to Dismiss Case without Prejudice. The order stated:

> Plaintiff filed the instant action to quiet title and otherwise challenges the judgment of foreclosure obtained by the Berrien County Treasurer under the General Property Tax Act (GPTA). Plaintiff claims "[T]he Court has the power and ability to grant the requested relief from the Judgment of Foreclosure because it was entered only because of mistake, inadvertence, or excusable neglect. . . ."

-1-

The relief [p]laintiff's [sic] seeks on any of the grounds alleged in the Complaint can only be properly secured by obtaining relief from the judgment of foreclosure. That relief is only properly sought by filing an action in the case in which the judgment was entered, not as here in a separate action.

Therefore, it is hereby ordered that unless the [p]laintiff substantiates by proper legal authority the ability to obtain relief from a judgment via an action not filed in the same matter where the judgment was entered within **14 days** of the date of this notice, this matter will be dismissed without prejudice. [First alteration in original.]

On May 4, 2017, plaintiff filed a response to the trial court's order, claiming the case was a proper separate action. On the same day, the trial court entered its order dismissing the case without prejudice, stating the following:

On April 19, 2017, an Order was entered providing that this matter would be dismissed without prejudice unless [plaintiff] substantiated by proper legal authority the ability to obtain relief from a judgment via an action not filed in the same matter where the judgment was entered, within fourteen (14) days of the date of the order of April 19, 2017. On May 4, 2017, this Court received for filing Plaintiff's Response to Order and Notice of Intent to Dismiss Case Without Prejudice. Accordingly, [p]laintiff failed to file timely.

Plaintiff filed a motion to set aside the trial court's order and reinstate the case, but the trial court denied the motion after entertaining arguments at a hearing. On appeal, defendants challenge this Court's jurisdiction to review this case as of right. Plaintiff argues that the trial court erred when it provided only 14 days' notice to respond to the order and notice of intent because (1) the court rules require 28 days' notice, (2) a shorter time period violates principles of due process, and (3) the trial court should have considered a lesser sanction than dismissal.

II. JURISDICTIONAL CHALLENGE

Defendants argue that this Court should dismiss plaintiff's appeal for lack of jurisdiction because the trial court's order of dismissal without prejudice is not a "final order," and therefore, plaintiff does not have an appeal as of right. We agree.

Whether this Court has jurisdiction over an appeal is an issue of law subject to de novo review. *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012). This Court has jurisdiction of an appeal of right from "[a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1); see *Dean v Tucker*, 182 Mich App 27, 30; 451 NW2d 571 (1990) ("An appeal of right is available only from a final order."). A "final judgment" or "final order" is defined as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(6)(a)(i). This Court has concluded that an order dismissing a case without prejudice for lack of progress "was not a 'final' judgment or order because it did not dispose of all of [the plaintiff's] claims *and* it did not adjudicate the claims." *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 135; 624 NW2d 197 (2000).

-2-

Thus, the pertinent issue here is whether the order dismissing the case without prejudice disposed *and* adjudicated all of the claims. To answer this question, we must first look to the order. Pursuant to MCR 2.602(A)(3): "Each judgment must state, immediately preceding the judge's signature, whether it resolves the last pending claim and closes the case. Such a statement must also appear on any other order that disposes of the last pending claim and closes the case." The order dismissing plaintiff's case without prejudice did not state "whether it resolves the last pending claim and closes the case." MCR 2.602(A)(3). Instead, the order is titled, "Order Dismissing Case Without Prejudice," and it states before the signature line: "[I]t is Ordered that this case be, and hereby is, dismissed." The order also explains that the earlier order and notice of intent indicated that the case would be dismissed without prejudice if plaintiff failed to respond within 14 days. This Court has clarified the difference between a case dismissed with prejudice versus one dismissed without prejudice:

> A dismissal *with* prejudice amounts to an adjudication on the merits and bars a further action based on the same facts. But a dismissal without prejudice is not a dismissal on the merits. Our Supreme Court has described that the term "without prejudice" signifies "a right or privilege to take further legal proceedings on the same subject, and show that the dismissal is not intended to be *res adjudicata* of the merits." "A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." [*Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015) (citations omitted).]

The order dismissing this case without prejudice clearly disposed of all of plaintiff's claims because no further claims were pending after dismissal. However, the trial court did not adjudicate any of those claims. There was no "decision of the controversy on the merits" concerning the action for quiet title or the multiple constitutional challenges. Instead, the trial court requested that plaintiff substantiate his ability to obtain relief from the foreclosure judgment from the prior action by submitting authorities, and if a response was not filed within 14 days, the case would be dismissed without prejudice. Because defendant failed to file within 14 days, the trial court dismissed the case without prejudice. This is the type of administrative decision to dismiss that was addressed in *Wickings* and earlier in *North v Dep't of Mental Health*, 427 Mich 659, 661; 397 NW2d 793 (1986), where the cases were dismissed without prejudice for failing to progress.[1] The trial court did not decide whether plaintiff could challenge the foreclosure judgment in the separate action, let alone the quiet title and constitutional challenges.

---

[1] In *Wickings*, this Court still concluded that we had jurisdiction because the initial order was a default judgment, which does constitute a "final order," though the subsequent order dismissing the case without prejudice for lack of progress was not a final order. *Wickings*, 244 Mich App at 137-138.

In fact, the trial court acknowledged that plaintiff could file another action after dismissal. At the hearing on plaintiff's motion to set aside the dismissal, the trial court held that the order dismissing the case without prejudice was proper, and it urged plaintiff to "consult further about whether or not . . . this Court has proper jurisdiction over any *further submissions*." (Emphasis added.) Moreover, the trial court said that the dismissal disposed of the case, but it declined to address plaintiff's concern "that this is going to just come back and have it--hear this again and finally decide on whether there is jurisdiction or not." The trial court dismissed this case without prejudice and, before adjudicating the merits of the case, it acknowledged that further submissions may be filed. There is nothing proving the judgment constituted a "final order" under MCR 2.702.[2]

As a final point, "[i]f a party fails to comply with . . . a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." MCR 2.504(B)(1). When entering a dismissal, the following standard applies: "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." MCR 2.504(B)(3). The dismissal here was not for lack of jurisdiction or for failing to join a party, but because the order specifically stated that the dismissal was to be "without prejudice," the order did not operate as an adjudication on the merits. Therefore, plaintiff has not filed an appeal from a final order, and this Court is without jurisdiction to review this case.

Even if this Court does not have jurisdiction to hear an appeal as of right, we may exercise jurisdiction to treat a party's appeal as an application for leave to appeal, grant leave, and address the issues presented on their merits. See *Wardell*, 297 Mich App at 133 n 1. Treating plaintiff's appeal as an application for leave to appeal, we will grant leave and address his claims.

## III. PLAINTIFF'S CHALLENGES

Plaintiff argues that the trial court erred when it dismissed the case because (1) the court rules mandated the trial court to afford at least 28 days to respond to the order and notice of intent, (2) the 14 days' notice was a violation of his constitutional right to due process, and (3) the trial court was required to consider on the record whether a lesser sanction would have been appropriate.

---

[2] The register of actions indicates that the dismissal order is "A FINAL ORDER AND CLOSES THIS CASE W/O PREJUDICE." Trial courts, however, speak through their written orders, *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009), and the judgment dismissing this case did not indicate that it was a final order. Instead, it indicated that the case was dismissed "without prejudice," meaning the case was not adjudicated on the merits. See *Grimmer*, 310 Mich App at 102.

Plaintiff's challenge of the trial court's order providing 14 days' notice is preserved to the extent that plaintiff argues the trial court abused its discretion when it refused to set aside the dismissal because the court rules mandate a 28-day notice requirement. However, plaintiff did not raise a due process argument below, and therefore, this issue is unpreserved. "We review for an abuse of discretion a circuit court's ultimate decision to grant or deny relief from a judgment." *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo issues of statutory and court rule application. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Generally, "[t]his Court reviews constitutional issues de novo as questions of law." *Kampf v Kampf*, 237 Mich App 377, 381; 603 NW2d 295 (1999). However, unpreserved constitutional errors are reviewed for plain error affecting substantial rights. *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 403 (2013).

## A. NOTICE REQUIREMENT UNDER THE COURT RULES

Plaintiff first claims that the trial court's order and notice of intent was equivalent to "a dispositive motion to dismiss [plaintiff's] case for lack of jurisdiction under MCR 2.116(C)(4)," and therefore, it was required to "provide at least 28 days' notice to a party defending such a claim under MCR 2.116(B)(2)."[3] This argument is without merit.

A motion for summary disposition under MCR 2.116(C)(4) concerns the subject-matter jurisdiction of a case. The trial court, however, did not rule on a motion for summary disposition under MCR 2.116(C)(4), and it in no way determined whether it had jurisdiction to hear plaintiff's claims. Rather, the trial court required plaintiff to provide authority within 14 days proving that his case may proceed as a separate action. If the response was not filed within 14 days, then the case would be dismissed "without prejudice." Because plaintiff did not respond in time, the trial court dismissed the case without prejudice. The trial court did not dismiss the case on jurisdictional grounds, and its judgment was not a final order. Therefore, plaintiff's claim that the trial court's order and notice of intent was equivalent to a motion under MCR 2.116(C)(4) is meritless because plaintiff was not facing the possibility of having the case dismissed indefinitely after only 14 days. Even more, the trial court did not rule on jurisdiction, and dismissal was not rendered on this basis.

Plaintiff also claims that notice of a proposed dismissal for lack of progress also requires 28 days' notice under MCR 2.502(A), and therefore, the order and notice of intent in this case should have given 28 days' notice. This argument is similarly without merit.

The trial court did not dismiss this case for lack of progress, and plaintiff has not cited a court rule that requires the trial court to provide more than 14 days' notice under the circumstances in this case. Instead, plaintiff relies on *Laudenslager v Penell Printing, Inc*, 215

---

[3] MCR 2.116(B)(2) states that "[a] motion under this rule may be filed at any time . . . but the hearing on a motion brought by a party asserting a claim shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim."

Mich App 167, 169; 544 NW2d 721 (1996), where this Court addressed whether the trial court erred when it entered an order of dismissal after the plaintiff mailed his brief four days before the deadline, but it was received one day late. We concluded that the trial court abused its discretion when it denied the plaintiff's motion for reconsideration, holding that "[t]he delay in the filing of the brief . . . was essentially an error of the mails," and rejecting the "suggestion that a mail delay is an insufficient extenuating circumstance to justify noncompliance with the deadline simply because other methods of filing, such as hand delivery or facsimile, are available to ensure timely receipt." *Id*. at 171. Here, unlike in *Laudenslager*, plaintiff filed his response only two days before the time for filing, and there is no evidence that the late filing was due to an "error of the mails." Moreover, the dismissal in *Laudenslager* constituted a final order, whereas the order here was submitted without prejudice, plaintiff could refile his action, and any prejudice to plaintiff was minimal.

## B. DUE PROCESS

Plaintiff also claims that principles of due process required the trial court to give more than 14 days to respond to the order and notice of intent. This argument fails.

"In any proceeding involving notice, due process requires that the notice given be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Vicencio v Ramirez*, 211 Mich App 501, 504; 536 NW2d 280 (1995). Plaintiff's counsel admitted that he received the order and notice of intent, but did not open it for a number of days after its receipt. He also admitted that there was no court rule that required more than 14 days' notice under the circumstances. Two weeks was adequate notice to provide a response to the trial court's order. Importantly, the order and notice of intent indicated that the case would be dismissed without prejudice if a response was not timely filed. In no way has plaintiff shown plain error affecting his substantial rights.

## C. LESSER SANCTION

Finally, plaintiff argues that the trial court was required to address a number of factors outlined in *Dean* 182 Mich App at 32-33, before resorting to the drastic sanction of dismissal. This argument fails.

The following nonexhaustive list of factors are relevant to such a determination:

(1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice.

However, *Dean* involved the imposition of discovery sanctions, whereas the issue here involves a failure to file a timely response to the trial court's order and notice of intent, which required

-6-

plaintiff to prove that his claim was viable and could be filed as a separate action in the circuit court. Therefore, because this issue does not involve discovery sanctions, the trial court was not required to evaluate the *Dean* factors.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron