*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WOLF CREEK PRODUCTION, INC., THOMAS NICHOLS, MICHAEL SHERRILL, and, THOMAS NELSON,

UNPUBLISHED
September 29, 2022

Plaintiffs-Appellants,

v

No. 358559
Shiawassee Circuit Court
LC No. 2021-005528-CB

MICHAEL STEVEN GRUBER,

Defendant-Appellee.

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order involuntarily dismissing their complaint, which sought to vacate or modify an arbitration award favorable to defendant. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The controversy giving rise to this case began with a dispute over a finder's fee that was paid by the Professional Sporting Clay Association (PSCA) to nonparty Liquid Image Incorporated in connection with a contract executed between the PSCA and defendant Michael Steven Gruber's company, Steve Gruber LLC. Liquid Image split the finder's fee with defendant. At the time defendant executed the contract, he was employed by plaintiff Wolf Creek Production, Inc., a corporation that develops and produces outdoor hunting, fishing, and related television and cable shows. Although Wolf Creek was paid $340,000 under the contract for its work related to production of the PSCA's show, it believed it should have received the portion of the finder's fee paid to defendant.

Wolf Creek terminated defendant's employment contract and the matter proceeded to arbitration, after which it was determined that defendant's termination was without good cause and was pretextual. After the trial court denied plaintiffs' complaint and motion to vacate the arbitration award, plaintiffs appealed, and we affirmed the trial court's order upholding the award.

*Wolf Creek Production, Inc v Gruber*, unpublished per curiam opinion of the Court of Appeals, decided January 24, 2019 (Docket No. 342146).

The trial court subsequently remanded the case to the same arbitration panel for determination of the appropriate remedy. On February 8, 2021, the arbitration panel unanimously reached a decision that was generally in favor of defendant. Rather than filing a complaint *and* motion to vacate the arbitrators' remedial award, plaintiffs only filed a complaint.

No other action was taken in this case until July 21, 2021, when the trial court sua sponte entered a final opinion and order involuntarily dismissing plaintiffs' complaint. The trial court explained that "[r]equests to vacate arbitration awards must be made by motion," which "must be filed within 91 days after the date of the award." The trial court determined that plaintiffs failed to meet that deadline because they never filed a motion asking the court to modify the award.

On July 23, 2021, plaintiffs moved for relief from this involuntary dismissal order under MCR 2.612(C)(1)(a). Plaintiffs argued that (1) their failure to file the motion required by MCR 3.602 was the result of mistake, inadvertence, or excusable neglect in light of the parties' agreed-upon litigation "cease fire" that was not explained to the trial court, (2) the timelines set by MCR 3.602 are not jurisdictional, and (3) in the interests of justice, the trial court should have given plaintiffs an opportunity to have their case decided on the merits. On September 16, 2021, the trial court entered an opinion and order denying plaintiffs' motion for relief, finding that plaintiffs did not raise a challenge to the opinion and order under MCR 2.119(F), and that plaintiffs could not meet the standards under MCR 2.612(C)(1). This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision to dismiss a case under MCR 2.504(B)(1) is reviewed for an abuse of discretion, *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), as is a trial court's decision on whether to set aside a judgment or order. *Wolf v Mahar*, 308 Mich App 120, 128; 862 NW2d 668 (2014). "An abuse of discretion occurs when the court's decision falls outside the range of principled and reasonable outcomes." *Komendat v Gifford*, 334 Mich App 138, 159 n 10; 964 NW2d 75 (2020) (quotation marks and citation omitted). The abuse-of-discretion standard recognizes that the circumstances of a case may present more than one reasonable and principled outcome. *Maldonado*, 476 Mich at 388.

## III. DISCUSSION

On appeal plaintiffs argue that the trial court abused its discretion when it dismissed plaintiffs' complaint and denied their motion for relief. Specifically, plaintiffs assert that the trial court (1) had less harsh alternatives to dismissal available, (2) failed to consider pertinent factors before dismissing the complaint, (3) erroneously viewed the 91-day time period set by MCR 3.602(J)(3) as jurisdictional, and (4) failed to give proper consideration to the parties' agreement to cease litigation during settlement negotiations, including that the parties' failure to bring this agreement to the court's attention was a mistake, inadvertence, or excusable neglect. We find none of these arguments convincing.

Plaintiffs' complaint sought to vacate or modify the arbitration panel's award. Under MCR 3.602(J)(1) (relating to vacating an award) and (K)(1) (relating to modifying an award), the party

seeking relief in the trial court must do so by filing a complaint and motion for relief. The motion must be made within 91 days of the date of the award. MCR 3.602(J)(3); MCR 3.602(K)(2). If a party fails to follow the court rules, the trial court may sua sponte dismiss that party's claims. MCR 2.504(B)(1). Moreover, it is well settled that "[t]rial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388.

Dismissal is, however, a drastic remedy and one that "should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). When a trial court imposes a sanction of dismissal, it must "consider the circumstances of each case to determine if such a drastic sanction is appropriate." *Duray Development, LLC v Perrin*, 288 Mich App 143, 164-165; 792 NW2d 749 (2010) (quotation marks and citation omitted). When evaluating whether a trial court abused its discretion by dismissing an action for failure to comply with an order court rule, this Court has traditionally considered relevant factors such as whether the failure was willful or accidental, the party's history of compliance with other orders or its history of noncompliance or delay, whether the other party was prejudiced, and whether a lesser sanction would better serve the interests of justice. See *Woods v SLB Property Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008).

Given the circumstances of this case, however, these factors are not particularly relevant to the issue of whether the trial court abused its discretion when it dismissed the complaint. Stated differently, once plaintiffs failed to file their motion to vacate or modify the award within 91 days of the date of the award, while the trial court was not *required* to dismiss the complaint, see *Detroit Auto Inter-Ins Exchange v Gavin*, 416 Mich 407, 422; 331 NW2d 418 (1982), it was not an abuse of discretion to do so because in all practical effects, the 91-day period acts as a statute of limitations for bringing a challenge to an arbitrator's award, albeit nonjurisdictional. This conclusion is amply supported by our prior cases.

In *Vyletel-Rivard v Rivard*, 286 Mich App 13, 24-25; 777 NW2d 722 (2009), we affirmed the trial court's order denying the defendant's motion to vacate an arbitration award on the basis that the motion was not timely filed. In *Rivard*, the parties submitted to a domestic relations arbitration for purposes of settling their divorce. *Id*. at 14. The arbitrator issued the award on November 22, 2007, after which the defendant filed a request for clarification and motion to correct errors or omissions. *Id*. at 15-16. The arbitrator responded on December 7, 2007, which constituted the final award. *Id*. at 16.

The defendant did not file his motion to vacate the arbitrators award until March 28, 2008. *Id*. at 18. Although the trial court did address the merits of the defendant's motion, it denied the motion on the basis that it was not filed within 21 days of the date of the award, the time period for such motions relating to domestic relations cases. *Id*. at 19. On appeal, the defendant argued that because he filed a second motion to correct errors or omissions with the arbitrator after the December 7, 2007 award, the timeliness of his filing was dependent on when the arbitrator decided the second motion, making his filing timely. *Id*. at 21.

We rejected the defendant's argument that he was permitted to file a second motion with the arbitrator and concluded the 21-day period began on December 7, 2007, the date on which the arbitrator decided the defendant's first motion. *Id*. at 23-24. Noting that the court rule requires

that motions to vacate "must" be filed within 21 days, and that the term "must" means that it is mandatory, we affirmed the trial court's order denying the defendant's motion. *Id*. at 25.

Similarly, in *Bidasaria v Central Mich Univ*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2015 (Docket No. 319596),[1] p 1, the plaintiff and defendant entered into arbitration after the plaintiff was terminated from his teaching position. The arbitrator issued its ruling on November 16, 2010, concluding the defendant acted properly when it terminated the plaintiff. *Id*. The plaintiff thereafter filed several lawsuits in state and federal court, all of which were unsuccessful. *Id*. at 2. On September 13, 2013, the plaintiff filed a complaint with the trial court seeking to vacate the arbitrator's decision. *Id*. The defendant moved for summary disposition under MCR 2.116(C)(7), which the trial court granted. *Id*.

On appeal, we affirmed the trial court's order granting summary disposition under MCR 2.116(C)(7). *Id*. at 4. We rejected the plaintiff's argument that his complaint was governed by the general statute of limitations for breach of contract, concluding instead that the plaintiff's action in the trial court was governed by MCR 3.602(J). *Id*. at 3. Thus, because the plaintiff did not file a motion with the trial court within 91 days of the date of the arbitrator's decision on November 16, 2010, we concluded the trial court properly granted summary disposition in the defendant's favor. *Id*. at 4.

In *Cipriano v Cipriano*, 289 Mich App 361, 377-378; 808 NW2d 230 (2010), we reversed the trial court's order modifying an arbitration award governing the spousal support the plaintiff was to receive from the defendant. There, the defendant moved to modify the award nine months after the arbitration decision, which the trial court granted. *Id*. at 377. On appeal, we concluded the trial court "erred by modifying the award of the arbitrator without a timely complaint" and without justifying the reasons for the modification. *Id*. at 378. Thus, we reversed the trial court's order and remanded to have the arbitrator's award reinstated. *Id*.

While in none of these cases did the trial court involuntarily dismiss the claims sua sponte, the cases instruct that this Court has consistently viewed the failure to timely file motions under MCR 3.602 as cause for dismissal of the claims. And although we do not find the *Wood* factors particularly elucidating under the circumstances of this case, we nevertheless turn to plaintiffs' argument that the trial court abused its discretion by not considering alternative and less drastic sanctions. Plaintiffs assert that their failure to formally move to vacate or modify the arbitration award was not in bad faith, but rather was the result of a mutually-agreed litigation "cease fire" between the parties. They further assert that they had no history of failing to comply with the trial court's orders nor a history of deliberately delaying proceedings, and that defendant was not prejudiced by their failure to file the motion. Plaintiffs contend the trial court did not provide them any opportunity to cure their defective motion practice, and the interests of justice would have been better served by a lesser sanction than outright dismissal.

Plaintiffs state that lesser sanctions available to the trial court included: (1) requiring plaintiffs to file their motion to vacate or modify the arbitration award on an expedited basis, (2) deeming plaintiffs to have forfeited their right to oral argument, (3) limiting plaintiffs to the

---

[1] Although unpublished opinions are not binding on this Court, we find the reasoning in *Bidasaria* persuasive and helpful in resolving the issue before the Court. See *Eddington v Torrez*, 311 Mich App 198, 203; 874 NW2d 394 (2015).

arguments stated in their complaint, or (4) prohibiting plaintiffs from attempting to amend their complaint. Citing *DAIIE v Gavin*, 416 Mich 407, 422-425; 331 NW2d 418 (1982), plaintiffs further argue that, even though MCR 3.602(J)(3) contains the word "must," which the trial court viewed as indicating a "mandatory" directive, our Supreme Court has explained that such a provision does not alter the trial court's inherent authority to accept a delayed motion.

But the mere existence of alternatives to dismissal does not mean that the court abused its discretion. Citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), the trial court acknowledged that "[b]efore using dismissal as a remedy for abusive conduct, the Court normally considers a wide range of factors," but then determined that that "analysis does not precisely apply to this scenario." We agree. Further, there is no evidence that the trial court ever viewed the 91-day time period set by MCR 3.602(J)(3) as "jurisdictional," thus allowing the court no discretion in the matter. And the trial court reasonably rejected plaintiffs' characterization of their inaction for more than 150 days after the issuance of the arbitration award as a "mistake, inadvertence, or excusable neglect" and held that "[b]ased on the information available to the Court," "dismissal [was] the only appropriate response to Plaintiffs' failure to file their motion."

Plaintiffs further assert the trial court ignored or glossed over the parties' agreement to cease litigation during settlement negotiations and that the parties' failure to bring this agreement to the court's attention was a mistake, inadvertence, or excusable neglect. According to plaintiffs, the only reason they did not file a motion to vacate or modify the arbitration award was the parties' purported agreement to suspend litigation while trying to settle. Thus, according to plaintiffs, their oversight should not wholly deprive them of their opportunity to have their challenges to the arbitration award decided on their merits. However, the trial court did not, and could not, deprive plaintiffs of their opportunity to litigate the merits of their dispute with defendant, because litigation on the merits had already occurred—in arbitration. In *North v Dep't of Mental Health*, 427 Mich 659, 662; 397 NW2d 793 (1986), our Supreme Court addressed the process for pretrial dismissal of litigation, holding that a trial court must weigh the needs for order, timeliness, and just penalty against the preference for litigation on the merits upon which our legal system is based. Here, however, plaintiffs' case has already been adjudicated on the merits. The parties fully and extensively litigated the wrongful termination issue before an arbitration panel. After losing in arbitration, plaintiffs appealed to the trial court, then to this Court. And the parties also fully and extensively litigated the issue of the remedy for the wrongful termination before the same arbitration panel, which then rendered a unanimous award.

Despite plaintiffs' protestations of having been in settlement negotiations with defendant at the time they were supposed to file their motion, their failure to take any action to move the court to vacate or modify that arbitration award for more than 150 days after the award was issued constituted a substantial failure to prosecute their cause of action. For these reasons, we conclude that the trial court's decisions to involuntarily dismiss plaintiffs' complaint, and deny their motion for relief from that order, were not outside the scope of reasonable and principled outcomes and, thus, not abuses of discretion.

Affirmed. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick