REICH v. MISCH.

1. SPECIFIC PERFORMANCE—EVIDENCE—INTENT—CONTRACTS.
   In son's suit for specific performance of parents' alleged contract to leave him property in return for services rendered in the construction of a home and in contributing to the support and maintenance of his parents during their lifetime, brought after death of surviving father, evidence *held*, to show at most an expression of intent, but no contractual obligation on part of decedent father.

2. ELECTION OF REMEDIES—CLAIMS AGAINST ESTATE—CONTRACTS TO LEAVE PROPERTY—SPECIFIC PERFORMANCE.
   Son who presented claim for services rendered parents in course of probate of father's will thereby elected his remedy and was thereafter precluded from seeking specific performance of alleged contract whereby parents were to leave him their property in return for such services.

Appeal from St. Clair; Stewart (Shirley), J. Submitted October 8, 1946. (Docket No. 15, Calendar No. 43,410.) Decided December 2, 1946.

Bill by Fred H. Reich, Jr., against Anna Misch and others for specific performance of a parol contract to convey. real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Octavio Perez Guerra,* for plaintiff.

*Benedict & Benedict,* for defendant.

BUTZEL, C. J. Plaintiff and appellant, Fred H. Reich, Jr., seeks specific performance of a parol contract alleged to have been made in 1920 with his father, Fred H. Reich, Sr., deceased, to convey a house and lot to plaintiff in return for services to be rendered by the latter to his parents. Fred Reich, Sr., was a resident of the city of Port Huron, Michigan, and all of his children with the exception of the plaintiff were married and maintained separate homes. Plaintiff made his home with his parents. Defendants and appellees are plaintiff's brother-in-law, sisters, brother and Leota Reich, whose exact relationship is not shown. Anna Misch, a sister, is also joined as a party defendant in her capacity as executrix of the estate of Fred Reich, Sr., who died in 1936. Plaintiff's mother died in 1928.

Fred Reich, Sr., was the owner of an unimproved lot in the city of Port Huron. Plaintiff claims that in 1920 his father agreed that if plaintiff, a carpenter by trade, would assist in the construction of a house on this lot and would contribute to the support and maintenance of his parents during their lifetime, he was to have the property upon their death.

Fred Reich, Sr., died on October 3, 1936. It was not until November 15, 1940, that Anna Misch, a daughter of the deceased, offered her father's will for probate. During this interim period plaintiff continued to occupy the premises in the belief that he was the owner. The will was allowed and Anna Misch was named executrix thereunder. By the terms of the will, the property of the deceased was devised to the children in equal shares.

Shortly after the will was allowed, plaintiff filed a proof of claim against the estate in the amount of $1,943. Included therein was an item of $1,332 for "care, attention and support for said decedent from March, 1928 to October, '36 (sic) 444 weeks at $3.00 per week." On August 29, 1941, a hearing was had on this claim at which plaintiff's counsel stated:

"We were promised the house for taking care of looking after this old gentleman and the claimant didn't receive the house and he is therefore entitled to compensation on a quantum meruit basis for what he did and reimbursement for the expenses advanced."

The court queried: "I thought now you were proving he had title to the property." Plaintiff's counsel replied: "No, we don't claim the property, we claim payment for services."

On February 24, 1942, Anna Misch, executrix, obtained from the probate court a license to sell the property involved to pay claims against the estate. The probate court ordered the premises sold and they were purchased on land contract by Ernest J. Misch, husband of the executrix and a defendant in these proceedings. Plaintiff alleges that the claims against the estate for which the property was sold were false, and that the sale was fraudulent because

the purchaser was the husband of the executrix. The record indicates that at a hearing in the probate court relative to the sale of this property, plaintiff's counsel made the following statement:

"I have no objections. I examined Parcel No. 2 myself and met these men there at the time and I believe that estimate is fair."

The instant suit for specific performance was begun on July 2, 1942. The trial court held that by filing his claim in the probate court and disclaiming any interest in the property at the hearing, plaintiff had elected his remedy. The court found that plaintiff had made no objection to the sale of the estate's property to his brother-in-law, the husband of the executrix, until an effort was made to gain possession of the premises. Accordingly, the court dismissed plaintiff's bill of complaint. In a cross-bill, the executrix sought recovery of rent for the entire period the premises had been occupied by plaintiff since October 3, 1936, the date of the elder Reich's death. The decree of the trial court determined an indebtedness to the estate in the sum of $472 for rent for the period beginning January 16, 1941, the date plaintiff was notified to pay rent, until the date the property was sold to Ernest Misch.

As only two questions are raised on appeal, we shall limit our discussion to them. (1) Appellant contends that at the trial he sustained the burden of proof establishing a parol contract to convey the property as alleged. The trial court did not discuss this issue, but denied relief on the ground that plaintiff was precluded from seeking specific performance after he had elected to pursue his remedy in the probate court as a creditor of the estate. Subsequent to the rendition of the decree in this case,

the probate court allowed certain items of plaintiff's claim in the sum of $611, consisting largely of decedent's funeral expenses and taxes advanced upon the property by plaintiff after his father's death; compensation for care, attention and support of the decedent was disallowed. Examination of the record discloses no admissible testimony establishing the contractual relationship with the decedent as claimed by plaintiff. There was a showing that plaintiff assisted in the construction of his parents' house in which he made his own home; that while decedent enjoyed steady employment, plaintiff was employed only part of the time and assisted in the housework; that decedent stated to disinterested witnesses that he was going to deed the property to plaintiff because plaintiff had worked on the house and had cared for him since the death of decedent's wife; that decedent told plaintiff in the presence of a witness that the house belonged to decedent and the plaintiff, and that the latter was to have it after decedent's death. Evidently, the decedent did not share this view when he made his will leaving the property to his children in equal shares. At most, there was an expression of an intent, but no contractual obligation on the part of the decedent was established.

(2) The only other question propounded by the appellant in his statement of the questions involved herein is whether the trial court was in error in holding that plaintiff by filing his claim against the estate had elected his remedy and was thereby precluded from making an inconsistent claim in the instant case. The trial court was correct. In *Laird v. Laird,* 115 Mich. 352, under almost similar circumstances, we held that one in plaintiff's position who deliberately and with full knowledge of the facts elects his remedy, must abide by it.

The decree of the lower court is affirmed, with costs to defendants.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.