## HARRIS *v.* ESTATE OF POLLARD.

ELECTION OF REMEDIES—CLAIM IN PROBATE COURT—SPECIFIC PERFORMANCE OF CONTRACT TO LEAVE PROPERTY.

Woman who filed a claim in probate for services as housekeeper, cook and nurse during a period of nearly 10 years elected her remedy and was then precluded from seeking specific performance of a claimed contract whereby deceased was to leave her all of his property, notwithstanding that shortly after claim was filed when the facts became known to plaintiff's counsel, an injunction was sought and obtained against further proceedings in the probate court.

REFERENCES FOR POINTS IN HEADNOTES

18 Am Jur, Election of Remedies, § 34; 49 Am Jur, Specific Performance, § 5.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted June 15, 1949. (Docket No. 61, Calendar No. 44,337.) Decided September 8, 1949.

Bill by Josiephene Harris against the estate of Clarence E. Pollard, deceased, and others to specifically enforce a contract to make a will. Decree of defendants. Plaintiff appeals. Affirmed.

*Howard & Howard,* for plaintiff.

*Charles A. Pratt,* for defendants.

BUSHNELL, J. Plaintiff Josiephene Harris sought a decree for specific performance of a claimed contract between Clarence E. Pollard, deceased, and herself, to the effect that "if she would keep house for him and cook for him, nurse and care for him in his illness," he would leave her all his property. She claims that notwithstanding this promise and her complete performance, Pollard made a will on April 8, 1947, prior to his death on May 11, 1947, leaving his property to others.

In denying specific performance of the claimed contract the trial court held that it was unnecessary to determine whether the contract had been made, because from the testimony it appeared that Josiephene had failed to prove performance on her part. The court further found that, by filing a claim in the probate court against the Pollard estate for services rendered as housekeeper and cook from September 15, 1937 to November, 1945, and for services as housekeeper, cook and nurse from November, 1945, to May 11, 1947, in the sum of $14,300, plaintiff Harris had elected her remedy. The court added that the facts brought the case within the rule laid down in *Laird* v. *Laird,* 115 Mich 352, and *Reich* v. *Misch,* 316 Mich 264.

In the latter case a son who presented a claim for services rendered his father was held to have elected his remedy and was precluded from seeking specific performance of a claimed contract whereby his parent was to leave him property in return for such services.

In the instant case appellant argues that the mere starting of an action in law or a suit in equity does not constitute an election. Here, shortly after the claim was filed in the probate court and the facts concerning the contract became known to plaintiff's counsel, an injunction was sought and obtained against any further proceedings in the probate court. Notwithstanding this factual difference, decision in *Reich* v. *Misch, supra,* is controlling here.

The decree of the trial court is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.