## RICHARDS *v.* O'BOYLE

1. PLEADING—AMENDMENTS—MATTER OF RIGHT—COURT RULE.

   Plaintiff was entitled to amend her complaint as a matter of right where she moved to amend within 15 days after defendants filed their answers (GCR 1963, 118.1).

2. PLEADING—ELECTION OF REMEDIES—CONTRACTS—ORAL DEVISE.

   Plaintiff nurse, seeking specific performance of decedent's oral promise to devise certain property to plaintiff in return for services rendered, was entitled to plead as an alternative to her specific performance action the reasonable value of her services based on *quantum meruit* since alternate theories are permissible in equity when a probate court does not offer complete relief, and plaintiff's "contingent" claim against decedent's estate in probate court had been dismissed after plaintiff had filed for specific performance in circuit court.

3. DISMISSAL AND NONSUIT—DISCOVERY—COURT RULES—DISCRETION.

   Dismissal of complaint for a contemptuous refusal by plaintiff's attorney to respond timely to interrogatories and to answer them according to court discovery rules was an abuse of discretion where the trial court could have either reprimanded or found him in contempt, where it was apparent even during oral argument on appeal that the delay in processing the case in the lower court was caused to a large extent by a personality conflict between the parties' attorneys (GCR 1963, 309, 313).

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 288 *et seq.*
[2] 41 Am Jur, Pleading §§ 41–43.
[3] 41 Am Jur, Pleading § 333.

Appeal from Alcona, Allan C. Miller, J. Submitted Division 3 November 4, 1969, at Grand Rapids. (Docket No. 6,932.) Decided February 5, 1970. Rehearing denied March 16, 1970. Leave to appeal denied June 19, 1970. 383 Mich 794.

Complaint by Lillian J. Richards against Robert O'Boyle, executor of the estate of Gertrude Cook, and Julia Briskey, Ronald John Briskey, Gladys Huffman and Donald Biganeiss for specific performance of an oral agreement with decedent. Complaint dismissed. Plaintiff appeals. Reversed and remanded for trial.

*Henry, Knapp & Boyce,* for plaintiff.

*Robert O'Boyle, in propria persona.*

*Charles M. Sirhal,* for defendants Briskey, Huffman, and Biganeiss.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

R. B. BURNS, J. This is an action for specific performance of an alleged oral agreement between the plaintiff and the defendants' decedent, Gertrude Cook. Plaintiff alleges that the decedent agreed to devise to plaintiff a certain residence in return for services to be rendered by the plaintiff.

The decedent was an invalid confined to a bed or a wheelchair. After her husband died, she had a succession of employees and finally asked the plaintiff, a registered nurse, to live with her and care for her. She sold her home at Higgins Lake and moved to Harrisville, the home of the plaintiff, and purchased the house which is the subject of this suit.

The decedent left a will, dated prior to the alleged agreement, and did not make any provisions for the plaintiff. Plaintiff filed a "contingent" claim in probate court against the estate of the deceased, wherein she informed the probate court that she intended to file an action in circuit court for specific performance of the alleged contract, and in the event that the circuit court denied her specific performance she would claim the difference between her actual salary and the reasonable value of her services. Plaintiff's claim in probate court was dismissed after she filed suit for specific performance in the circuit court. Defendants filed their answers to plaintiff's complaint May 3 and May 7. May 9 plaintiff moved to join the estate of the deceased as a party defendant and to file an amended complaint. Plaintiff asked to plead in the alternative to the specific performance action for the reasonable value of her services based on *quantum meruit*. Without stating its reasons the court denied the motion.

The pretrial conference was set for August 14. Plaintiff's counsel was present but defense counsel were not present and the hearing was adjourned. The pretrial conference was held October 4, counsel were given until December 15 to complete discovery, and trial was set for January 8.

Defendants served interrogatories on plaintiff October 21, but the plaintiff did not answer the interrogatories and on December 10 an order was entered compelling plaintiff to answer.

December 19 plaintiff filed her answers to the interrogatories and defendants moved to strike the answers as they were signed by plaintiff's attorney rather than by the plaintiff and not verified by plaintiff as required by court rule.[1] The plaintiff had not included copies of her income tax return requested

---

[1] GCR 1963, 309.2.

by the defendants, but answered that she could not find the returns for the years requested but would authorize the bureau of internal revenue to release copies to the defendants. Plaintiff had also listed all her witnesses in a single paragraph while the defendants had specifically asked for the witnesses separated as to their testimony concerning each paragraph of the complaint. Hearing on the motion was set for the same date as trial, January 8.

At the hearing of the motion to strike plaintiff's answers, plaintiff's attorney presented a new set of answers and informed the court they were the same as the plaintiff had previously submitted but were now signed and verified by the plaintiff. He reiterated that the plaintiff could not find her copies of the income tax returns and stated to the court that he had included all of the witnesses under one paragraph as he intended to use all of the witnesses to prove each and every paragraph of the complaint.

The trial court found "a contemptuous refusal to respond and answer in accordance with the discovery rules" and dismissed plaintiff's complaint.

Plaintiff appeals, claiming the trial court erred by not permitting her to amend her complaint and by dismissing her complaint for failure to answer the interrogatories according to the strict rules of discovery.

While there are cases that would appear to hold that a person seeking relief against an estate of a decedent must elect which remedy he seeks, the facts of those cases show that the parties seeking relief had already filed a claim against the estate in probate court and later attempted to sue for specific performance. *Reich* v. *Misch* (1946), 316 Mich 264; *Harris* v. *Estate of Pollard* (1949), 325 Mich 479.

There have been other cases which have allowed claimants to file alternate theories in equity when probate court did not offer complete relief. *Buell* v. *Adams* (1909), 157 Mich 248; *Buck* v. *Lockwood* (1916), 193 Mich 242; *In re Clark's Estate* (1926), 234 Mich 471; *King* v. *First National Bank & Trust Company of Zeeland, Michigan* (1968), 11 Mich App 144.

GCR 1963, 118.1 reads:

"Amendments. A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires. All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading."

The trial judge should have allowed plaintiff to amend her complaint as a matter of right.

It would appear that the delay in processing this case in circuit court was to a large extent due to a personality conflict between the attorneys, which was apparent even during oral argument in this Court. Plaintiff's attorney did not follow the rules promulgated for the expeditious handling of discovery proceedings and did not submit answers to defendants' interrogatories as required by the court rules. He might have been subject to a reprimand by the trial judge, or if the trial judge did find his action contemptuous, even a finding that he was in contempt

of court.[2]  However, for the trial judge to strike plaintiff's answers and complaint and to dismiss her cause without a hearing on the merits because of these actions of her attorney in this case was, in our opinion, an abuse of discretion.

Reversed and remanded for trial.  Costs to plaintiff.

All concurred.

[2] GCR 1963, 313.2.