MacARTHUR PATTON CHRISTIAN ASSOCIATION v FARM
BUREAU INSURANCE GROUP

Docket No. 61161. Decided October 2, 1978. On application by plaintiff
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, reversed the decisions of the Court of Appeals and
the circuit court and remanded to the circuit court for further
proceedings.

MacArthur Patton Christian Association brought an action to
recover the proceeds of an insurance policy against Farm
Bureau Insurance Company. The defendant filed a notice of
taking the deposition of Renato Varani, an agent of the plain-
tiff. The parties agreed to one adjournment, but on the morning
of the adjourned date for the deposition the secretary for the
plaintiff's attorney informed the defendant's attorney that the
plaintiff's attorney had been unable to locate Varani and that
they would not be present at the rescheduled deposition. The
defendant's attorney said he would appear there and expected
the deponent to appear. When neither the deponent nor the
plaintiff's attorney appeared for the deposition the defendant
filed a motion to dismiss. The plaintiff's attorney advised the
circuit court that he would not attend the hearing on the
motion and that the motion was "frivolous". The Oakland
Circuit Court, Alice L. Gilbert, J., granted the motion to dis-
miss with prejudice. After the motion was granted, the plain-
tiff's attorney filed "objections" to the proposed order which
were really reasons for opposing the motion. The order was
then entered. The Court of Appeals, J. H. Gillis, P.J., and V. J.
Brennan and D. C. Riley, JJ., affirmed peremptorily (Docket No.
77-2412). Plaintiff applies for leave to appeal. *Held:*

The circuit judge's authority to dismiss a complaint with
prejudice is clear, but should be exercised cautiously. This is
not a case where the failure to respond to discovery requests
extends over substantial periods. Nor is it a case in which the
failure to provide discovery is in violation of a direct order of
the trial court. In view of the relatively short time that elapsed
between the failure to appear and the motion to dismiss (five
days), and the ambiguous showing of willfulness on the part of
the plaintiff's agent, Varani, the trial judge should have chosen

less drastic measures to compel discovery. The court could have imposed costs on the plaintiff, ordered the plaintiff to produce the deponent at a specified time, or imposed sanctions against the attorney. Dismissal with prejudice was not justified by the facts of this case.

The judgments are reversed and the cause is remanded to the circuit court for further proceedings.

*Wiliam L. Fisher* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *Marianne E. Samper),* for defendant.

PER CURIAM. The issue raised by the plaintiff's application for leave to appeal is whether the trial judge abused her discretion in granting defendant's motion to dismiss for failure of an agent of plaintiff to appear at his deposition. We conclude that the dismissal was an abuse of discretion.

I

The plaintiff commenced this action on September 21, 1976 seeking to recover on an insurance policy issued by the defendant for the alleged theft of certain cattle owned by the plaintiff. The defendant denied liability on the ground that the theft, if there was one, was by an employee of the plaintiff and thus within a policy exclusion. Various discovery proceedings were undertaken and on April 14, 1977 the defendant filed a notice of taking the deposition of Renato Varani, an agent of the plaintiff. The deposition was noticed for May 2, 1977 at 11 a.m. On the morning of May 2, the secretary for plaintiff's attorney called the defendant's attorney and told him that the plaintiff's attorney was ill and requested an adjournment of the deposition. The defendant's attorney agreed to an adjournment and the next day renoticed the

deposition for May 11, 1977 at 2 p.m. On the morning of May 11, the secretary for the plaintiff's attorney again called the defendant's attorney and informed him that neither she nor the plaintiff's attorney had been able to contact Mr. Varani and that neither Mr. Varani nor the plaintiff's attorney would be present at the scheduled deposition. The defendant's attorney said that he would be present at the scheduled time and expected the deponent to appear. Neither the deponent nor the plaintiff's attorney appeared for the deposition, and the defendant filed a motion to dismiss under GCR 1963, 313.4. The plaintiff's attorney did not attend the hearing on the motion on May 25, 1977 and no formal response to the motion was filed, although the plaintiff's attorney did send a letter to the trial judge stating that he would not attend the hearing and characterizing the defendant's motion as "frivolous". The trial judge granted the motion on May 25, apparently on the basis that the motion was unopposed. The plaintiff did file objections to the proposed order granting the motion which set forth reasons for opposing the granting of the motion, rather than objections to the form of the proposed order. The order dismissing the action was entered on May 31, 1977. On appeal, the Court of Appeals granted defendant's motion to affirm.

II

The authority of the circuit judge to dismiss plaintiff's complaint for failure of its agent to attend his deposition is found in GCR 1963, 313.4:

"If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice

or fails to serve answers to interrogatories submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

The plaintiff does not dispute that Mr. Varani was an officer or managing agent of the plaintiff. Rather, the plaintiff maintains that his failure to attend was not "willful" within the meaning of the rule and that the dismissal of the action was improper. Mr. Varani's affidavit, which was filed with the plaintiff's objections to the proposed order dismissing the action, asserts that he had gone to the Upper Peninsula for his son's wedding without telling the plaintiff's attorney and that he remained there until after the scheduled date of the hearing. The affidavit states that Mr. Varani had heard something about there being a deposition but had made no note of the time or date.

The authority of the circuit judge to take the most drastic step of dismissal of plaintiff's complaint with prejudice is clear. However, we believe that such measures should be exercised cautiously. This is not a case where the failure to respond to discovery requests extends over substantial periods. *E.g., Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969). Nor is it a case in which the failure to provide discovery is in violation of a direct order of the trial court. *E.g., Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976). In this case, in view of the relatively short time that elapsed between the failure to appear and the motion to dismiss, and the ambiguous showing of willfulness on the part of the plaintiff's agent, we conclude that the trial judge should have chosen less drastic measures to compel discovery. *Rich-*

*ards v O'Boyle,* 21 Mich App 607; 175 NW2d 874 (1970). Certainly, the trial judge could have imposed costs on the plaintiff. She could have ordered the plaintiff to produce the deponent at a specified time. If she found that the failure of Mr. Varani to appear was the result of the failure of plaintiff's attorney to notify him or the plaintiff, sanctions could have been imposed against the attorney directly. We hold only that the use of the most drastic sanction of dismissal with prejudice was not justified by the facts of this case.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the decisions of the Court of Appeals and circuit judge and remand to the Oakland Circuit Court for further proceedings.

KAVANAGH, C.J., and LEVIN, COLEMAN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

WILLIAMS and RYAN, JJ., took no part in the decision of this case.