*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAGER DREW,

       Plaintiff-Appellant,

v

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
August 18, 2022

No. 358546
Wayne Circuit Court
LC No. 20-005220-NI

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] the trial court's order granting defendant's motion to dismiss on the basis that plaintiff failed to attend scheduled independent medical examinations (IME). Because we conclude the trial court abused its discretion when it dismissed plaintiff's complaint, we reverse.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In this first-party action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff Mager Drew was injured in a motor vehicle accident in Wayne County, Michigan. Plaintiff filed a complaint alleging that defendant Nationwide Mutual Fire Insurance Company, his no-fault insurer, failed to pay the required no-fault benefits after the accident.

Defendant scheduled an IME with an orthopedic surgeon for plaintiff to occur on September 10, 2020. Defendant later scheduled a neurology IME for plaintiff to occur on October 28, 2020. Plaintiff first requested that the September 10, 2020 IME be rescheduled, and this appointment was rescheduled for October 16, 2020. Plaintiff later requested that the October 16, 2020 and October 28, 2020 IMEs be rescheduled because of health concerns,

---

[1] *Drew v Nationwide Mut Fire Ins Co*, unpublished order of the Court of Appeals, entered December 2, 2021 (Docket No. 358546).

including being in a high-risk population for COVID-19 and also having undergone a recent stent placement resulting from heart conditions. It is undisputed that plaintiff attended a physical therapy session on October 14, 2020 and treated with another physician on October 15, 2020.

On December 8, 2020, defendant moved to dismiss, arguing that plaintiff's failure to appear for multiple scheduled IMEs was in violation of MCL 500.3151. Plaintiff opposed the motion, arguing that the dismissal of his claim was not proper because he had answered defendant's written discovery and also appeared for a deposition. Plaintiff asserted that all of his requests for rescheduling defendant's IMEs were because of health concerns, including being at high risk for exposure to COVID-19 and having undergone emergency heart surgery in June 2020.

At a hearing on defendant's motion to dismiss, the court granted defendant's motion, stating: "He shows up from [sic] what he wants to show up for. That's the bottom line." The court noted that plaintiff went to physical therapy and doctors' appointments but failed to appear for the IMEs. The court further stated that plaintiff was required to comply with defendant's request for an IME and he demonstrated a pattern of deliberate delay and willful misconduct in failing to appear. The court entered an order granting defendant's motion to dismiss "for the reasons stated on the record."

Plaintiff subsequently filed a motion for reconsideration, arguing that the court was improperly misled by defendant and failed to consider alternative sanctions or orders. The trial court denied the motion, and this appeal followed.

## II. STANDARDS OF REVIEW

"We review a trial court's imposition of discovery sanctions for an abuse of discretion." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011). In addition, "[t]his Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration." *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 607; 928 NW2d 726 (2018) (quotation marks and citation omitted). "An abuse of discretion occurs when the decision is outside the range of principled outcomes." *Id*. at 659-660. "This Court . . . reviews de novo the interpretation of statutes, court rules, and legal doctrines." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

## III. DISCUSSION

Plaintiff argues that the trial court abused its discretion in denying his motion for reconsideration of the trial court's order granting defendant's motion to dismiss and also in granting defendant's motion to dismiss because the court's decision was solely premised on plaintiff's failure to comply with discovery without the requisite legal analysis or evaluation of alternative sanctions made on the record. Plaintiff also asserts, with respect to the court's order denying his motion for reconsideration, that the trial court made a palpable error when the requisite legal analysis and evaluation of alternative sanctions were not present in the trial court's original decision to grant defendant's motion to dismiss. We agree.

MCL 500.3153 states:

A court may make such orders in regard to the refusal to comply with sections 3151 and 3152 as are just, except that an order shall not be entered directing the arrest of a person for disobeying an order to submit to a physical or mental examination. The orders that may be made in regard to such a refusal include, but are not limited to:

(a) An order that the mental or physical condition of the disobedient person shall be taken to be established for the purposes of the claim in accordance with the contention of the party obtaining the order.

(b) An order refusing to allow the disobedient person to support or oppose designated claims or defenses, or prohibiting him from introducing evidence of mental or physical condition.

(c) An order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it.

(d) An order requiring the disobedient person to reimburse the insurer for reasonable attorneys' fees and expenses incurred in defense against the claim.

(e) An order requiring delivery of a report, in conformity with section 3152, on such terms as are just, and if a physician fails or refuses to make the report a court may exclude his testimony if offered at trial.

Thus, it is clear that dismissal of plaintiff's suit was a potential sanction for failing to attend scheduled IMEs. It is also clear that the trial court had alternative remedies it could fashion short of dismissal.

"Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. In addition, "[o]ur legal system favors disposition of litigation on the merits." *Id*. at 507. In reaching the decision as to whether the sanction of dismissal is appropriate, the trial court should consider:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*.; see also *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165, 792 NW2d 749 (2010).]

This Court has repeatedly stated that trial courts are to carefully consider alternative sanctions on the record and evaluate the above factors when deciding whether to dismiss a party's claim. See *Swain v Morse*, 332 Mich App 510, 524; 957 NW2d 396 (2020) ("A trial court must give careful consideration to the factors involved and consider[] all of its options in determining what sanction [is] just and proper in the context of the case before it.") (quotation marks and

citation omitted; alteration in original); *Perrin*, 288 Mich App at 164-165 (same); *Vicencio*, 211 Mich App at 507 (stating that "[b]efore imposing [dismissal], the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper"); *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990)[2] ("While it is within the trial court's authority to bar an expert witness or dismiss an action as a sanction for the failure to timely file a witness list, the fact that such action is discretionary rather than mandatory necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate.").

In *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group*, 403 Mich 474, 477-478; 270 NW2d 101 (1978), the Michigan Supreme Court held that the trial court abused its discretion when it dismissed the plaintiff's claim because other less drastic sanctions were available. In *MacArthur*, the defendant filed a motion to dismiss against the plaintiff, who failed to appear for a deposition on two occasions only nine days apart. *Id*. at 475-476. The plaintiff argued that his failure to attend was not "willful" within the meaning of the applicable court rule. *Id*. at 477. The Michigan Supreme Court agreed with the plaintiff, finding that this was "not a case where the failure to respond to discovery requests extends over substantial periods" or where "the failure to provide discovery [was] in violation of a direct order of the trial court." *Id*. The Court held that "the use of the most drastic sanction of dismissal with prejudice was not justified by the facts of this case." *Id*. at 478.

In this case, the trial court made no effort to carefully consider alternative sanctions or evaluate all available options on the record when it concluded that dismissal was appropriate. The trial court noted that plaintiff had attended scheduled appointments with his own medical providers but failed to appear for the scheduled IMEs around the same period of time. The trial court stated that plaintiff "shows up from [sic] what he wants to show up for" and that he displayed a "pattern of deliberate delay and . . . willful misconduct" in failing to appear for the IMEs. However, the trial court neglected to analyze plaintiff's purported "willful misconduct," such as considering the reasons for his failure to attend, nor did it consider any other factors on the record. In addition, while the trial court concluded that plaintiff's violation of MCL 500.3151 was willful, it did not consider on the record that plaintiff complied with defendant's other discovery requests, such as responding to written discovery and appearing for a deposition. The trial court made no mention of plaintiff's assertions that for the medical appointments he did attend, his medical providers made special accommodations for him to protect him from contracting COVID-19. The trial court also failed to mention on the record that plaintiff was an elderly man who had heart complications and had recently undergone a heart procedure, which made him especially vulnerable, especially to complications resulting from COVID-19.[3] While a court order is not necessary to require plaintiff to appear for an IME, see MCL 500.3151(1) ("[A]t the request of an insurer the person shall submit to mental or physical examination by physicians"), plaintiff otherwise did not have a

<hr>

[2] "A decision from this Court published before November 1, 1990, is not binding but may be relied on for its persuasive value." *Premier Prop Servs, Inc v Crater*, 333 Mich App 623, 634 n 5; 963 NW2d 430 (2020).

[3] At the time defendant scheduled the IMEs, COVID-19 cases were surging within Wayne County and no vaccine for the virus was yet publicly available.

history of refusing to comply with previous court orders in this case. See *MacArthur*, 403 Mich at 477 (dismissal was an abuse of discretion where, in part, the plaintiff did not refuse discovery "in violation of a direct order of the trial court.").

Nor did the trial court expressly examine the factor regarding prejudice. This factor is notable in this case because plaintiff did not simply cancel the scheduled IMEs, but instead offered to reschedul these examinations and stipulate to an order adjourning scheduling order dates, including extending the discovery cutoff date. While defendant correctly notes that the timing of an IME is important because it represents a "snapshot" of a claimant's health, the court failed to address on the record whether defendant would suffer any prejudice.

Defendant contends that the trial court properly analyzed the appropriate factors because plaintiff's counsel argued at the hearing on the motion to dismiss that an order to compel plaintiff's appearance at an IME could have been entered, and yet the trial court still dismissed the case. In addition, defendant argues that defense counsel identified the factors from *Dean* at the motion hearing, and the trial court noted that plaintiff displayed a pattern of deliberate delay and willful misconduct. However, merely hearing the arguments from the parties does not demonstrate that the court carefully considered these factors or considered alternative sanctions on the record. It is clear that the trial court did not "carefully evaluate all available options on the record," *Vicencio*, 211 Mich App at 507, such as those delineated in MCL 500.3153, when concluding that dismissal was appropriate. Because the trial court failed to consider any alternatives when determining whether the sanction of dismissal was appropriate, the trial court abused its discretion.

Defendant also argues that the trial court was not required to evaluate alternative sanctions or evaluate all options on the record before dismissing plaintiff's claims because this was a statutory violation under the no-fault act, and not merely a discovery violation. We disagree. In support, defendant relies on *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 181; 732 NW2d 88 (2007), in which the plaintiff sought medical and psychiatric treatment for injuries sustained in an automobile accident. After the plaintiff filed suit against the defendant-insurer, the defendant demanded that the plaintiff submit to an IME under MCL 500.3151. *Id*. at 182. The plaintiff refused, arguing that MCL 500.3151 and her insurance policy with the defendant were not exclusively controlling, and that "the conduct of any [IME] was also governed by MCR 2.311(A), the rule covering [IMEs] in litigation of any kind." *Id*. The defendant disputed this assertion, arguing that MCR 2.311(A) conflicted with MCL 500.3151 because MCR 2.311 allowed "court-created conditions on the examination." *Id*. The defendant filed a motion to compel the plaintiff to submit to an IME under MCL 500.3151, and the trial court ordered the plaintiff to submit to the IME, subject to conditions proposed by the plaintiff. *Id*. at 182-183. The defendant filed an application for an interlocutory appeal, and this Court affirmed the trial court's order. *Id*. at 183.

The Michigan Supreme Court reversed, concluding that "the no-fault act comprehensively addresses the matter of claimant examinations," and MCR 2.311 was not "applicable to such examinations." *Id*. at 191. Further, it stated that "[w]hile the court rules control matters on which the no-fault act is silent, they do not control matters specifically addressed by the act." *Id*. at 190. The Supreme Court reasoned that MCR 2.311 was not applicable because that "court rule requires pending litigation and the insurer to show good cause, and allows court-imposed conditions as a predicate to the examination while § 500.3151 does not have these requirements." *Id*. The Court rejected the plaintiff's argument that MCR 2.311 should have controlled because "claims and

investigations are procedural" and not substantive. *Id*. at 191. It stated that "a statute is substantive when . . . it concerns a matter that has as its basis something other than court administration." *Muci*, 478 Mich at 191 (quotation marks and citation omitted). The Supreme Court reasoned that "the provisions concerning medical examinations" did not concern court administration and were substantive. *Id*. Finally, the Court held that "[a] trial court's ability to adjudicate disputes arising under the statute and the insurance policy regarding examinations is limited to the authority granted by the no-fault act itself . . . ." *Id*. at 194.

*Muci* is not applicable to this case. The factors laid out in *Dean* and *Vicencio* are for the court's consideration in determining whether dismissal is a just and proper sanction. As noted above, this Court has repeatedly required trial courts to carefully consider alternative sanctions on the record and evaluate factors in determining that dismissal is appropriate. See *Perrin*, 288 Mich App at 165; *Vicencio*, 211 Mich App at 507. While defendant suggests that prior cases from this court involved discovery violations and did not exclusively involve a plaintiff's failure to submit for an IME, we see no reason to depart from the long line of cases holding that an abuse of discretion occurs when a court fails to place its reasoning and consideration of alternative sanctions on the record.

In addition, the factors stated in *Dean* and *Vicencio* do not infringe on an insurer's right to require an IME of a claimant under MCL 500.3151, nor do they preclude courts from dismissing a claim for a plaintiff's failure to attend an IME. Conversely, in *Muci*, the applicable court rule directly conflicted with MCL 500.3151 because it added conditions as a predicate to an IME that MCL 500.3151 did not. Caselaw noting that "[t]he record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper," *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000), is not analogous to the court-imposed conditions as a predicate to an IME in *Muci*, and MCL 500.3153 is largely silent as to factors the court should consider in determining sanctions. Accordingly, *Muci* is not applicable in the instant case, and the trial court was, as a proper exercise of its discretion, required to evaluate alternative sanctions or evaluate all options on the record before it dismissed plaintiff's claim.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly