*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR WILLIS JR.,

       Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

       Defendant-Appellee.

UNPUBLISHED
April 27, 2023

No. 360370
Wayne Circuit Court
LC No. 21-004384-NF

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Plaintiff, Arthur Willis, Jr., appeals as of right the trial court's order dismissing his claim for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. The trial court dismissed his claim under MCR 2.116(C)(10) and as a sanction under MCL 500.3153 for Willis's failure to attend four scheduled defense medical examinations (DMEs).[1] For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

In September 2020, Willis was allegedly injured as a result of a motor vehicle crash. Willis submitted an application for PIP benefits to the Michigan Assigned Claims Plan (MACP). Defendant, Farmers Insurance Exchange, was assigned Willis's claim. As part of its process of investigating the claim, Farmers requested Willis submit to a DME. The DME was originally scheduled for February 24, 2021. After Willis failed to show up for that appointment, Farmers

---

[1] Although the parties refer to the examinations as "independent" medical examinations, "that appellation is a euphemistic term of art." *Micheli v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356559); slip op at 2 n 3. "In reality, and to a great extent central to this matter, an IME involves obtaining a second opinion from a doctor who is entirely selected and paid for by an insurance company, rendering the "independence" of the examination somewhat questionable." *Id*. Consequently, this opinion will refer to the examination as a defense medical examination or a DME.

rescheduled it for March 19, 2021. Willis missed that appointment as well. Farmers then rescheduled for May 11, 2021, but Willis failed to appear.

Thereafter, Farmers filed a motion for summary disposition under MCR 2.116(C)(10), arguing that Willis's claim should be dismissed because he had failed to attend the DME as scheduled and rescheduled. Before a hearing on that motion, Farmers rescheduled the DME for September 27, 2021. Willis missed that appointment as well.

In response to the motion for summary disposition, Willis admitted that he had failed to attend the DMEs. He asserted that dismissal, however, was not warranted because his failure to attend the DMEs was due to lack of transportation, miscommunications with Farmers, and because he had suffered a stroke. Following a hearing on the motion, the trial court found that it was appropriate to dismiss Willis's claim for PIP benefits as a sanction for his failure to attend the DMEs.

## II. DISMISSAL AS A SANCTION

### A. STANDARD OF REVIEW

Willis argues that the trial court abused its discretion by dismissing his PIP claim as a sanction for missing four noticed DMEs. Although the court purported to grant summary disposition under MCR 2.116(C)(10), "the proper lens for reviewing dismissal of a no-fault claim for failure to comply with the statutory IME requirement is the traditional analysis for dismissal as a discovery sanction." *Gueye v State Farm Mut Auto Ins Co*, ___Mich App ___; ___NW2d ___ (2022) (Docket No. 358992); slip op at 9. "We review the trial court's decision to dismiss an action for an abuse of discretion." *Id*. at ___; slip op at 7. "The trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes." *Id*. "Any factual findings underlying the trial court's decision are reviewed for clear error." *Id*. "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

"If the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, at the request of an insurer the person shall submit to mental or physical examination by physicians." MCL 500.3151(1). If a person fails to comply with such a request, the court may impose sanctions, including dismissal of the "disobedient" person's entire claim. See MCL 500.3153(c). Consequently, "dismissal of a lawsuit is a potential statutory sanction for failing to attend scheduled IMEs." *Gueye*, ___ Mich App at ___; slip op at 9.

"Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Accordingly, a dismissal "necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate." *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). Because sanctions under MCL 500.3153 are only permissible when they are "just," this Court has held that "before dismissing a no-fault claim under MCL 500.3153, a trial court should consider the applicable *Vicencio* factors, including

-2-

the availability of alternative sanctions, and decide whether dismissal is just." *Gueye*, ___ Mich App at ___; slip op at 9-10. The nonexhaustive list of *Vicencio* factors include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

"[I]t is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000). "[A]n abuse of discretion occurs when a court fails to place its reasoning and consideration of alternative sanctions on the record." *Gueye*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted).

In this case, factor one does not favor a finding of dismissal because Willis's missed DMEs were not willful. See *Vicencio*, 211 Mich App at 507. Willfulness includes circumstances such as when "the failure to respond to discovery requests extends over substantial periods" or "the failure to provide discovery is in violation of a direct order of the trial court." *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group*, 403 Mich 474, 477; 270 NW2d 101 (1978). Neither circumstance were present here.

Willis missed the February 2021 appointment because of a miscommunication related to transportation. Willis asserted Farmers coordinated transportation for Willis to receive roundtrip transport to the DME. Willis assumed he would get a phone call the day before the appointment to confirm the trip, but did not get any such confirmation. As a result, Willis left his home around the time the transportation service arrived, so he missed the appointment. Farmers has not disputed Willis's explanation for missing the February 2021 appointment. Thus, the record does not support a finding that the failure to attend the February 2021 DME was a willful violation. Willis missed the March 2021 DME because he did not receive notice of it. Two facts support this assertion. First, the confirmation letters for the DMEs were sent to his former lawyer. Also, in an August 2021 e-mail to Farmers Insurance Exchange, Willis's current lawyer did not reference the March 2021 DME, but apologized for missing the February 2021 and May 2021 DMEs, explained the reasons they were missed, and offered to reschedule. Together, these facts support a finding that Willis did not receive notice of the March 2021 appointment.[2] Given the apparent lack of notice for the March 2021 DME, Willis's failure to attend the appointment does not appear to have been willful. Next, Willis asserts that he missed the May 2021 DME because he suffered a stroke before the appointment. In support, he provided medical records referencing, but not verifying, his stroke. Although the trial court was concerned that there was not additional medical records, the unrefuted documentation that was presented was sufficient to show that the failure to attend the May 2021 DME was not willful. Finally, Willis missed the fourth DME because he assumed a phone call he

---

[2] Although the confirmation for the first appointment was also sent to Willis's prior lawyer, the record reflects that there were also telephone communications related to that appointment.

received to reschedule an appointment pertained to his DME, when in fact the call was for his physical therapy appointment. He provided the court with confirmation that his physical therapist had called to reschedule. Thus, the record does not support that this failure to attend was willful. As a whole, the record does not support a finding that the failure to attend the DMEs was willful, so the first *Vicencio* factor does not support a finding dismissal of Willis's claim was just.

Factor two is not implicated because Willis's failure to comply with the DMEs was not subject to, or violative of, a court order. See *Vicencio*, 211 Mich App at 507. Furthermore, except for the missed DMEs, Willis responded to discovery requests, including sitting for his deposition. Likewise, factor three, which looks to the prejudice to the opposing party, does not support dismissal. See *Vicencio*, 211 Mich App at 507. In finding this factor supported dismissal of Willis's claim, the trial court noted that it had been approximately one year since the first DME was scheduled. The court surmised that because a year had gone by, it was likely Willis's medical examination would yield different results than it would have if Willis appeared at the first DME. The court implied Willis's condition would be worse one year later, thereby prejudicing Farmers. However, the trial court made this conclusion without evidentiary support. On this record, it is equally likely Willis's condition may have improved within that year rather than worsened. As a result, the court's finding that Farmers was prejudiced by the delay was clearly erroneous. The third factor does not support a conclusion that dismissal was appropriate.

Factor four also does not favor dismissal because Willis did not have a history of deliberate delay. See *Vicencio*, 211 Mich App at 507. Willis timely complied with the other discovery requests. And, similar to the assessment of factor one, Willis's missed DMEs were not deliberate but attributable to circumstances related to miscommunications and health issues. Therefore, this factor does not favor dismissal. Factor five is not implicated because, as previously stated, Willis was not subject to any court orders, therefore consideration of the degree Willis complied with other trial court orders is not relevant. See *Vicencio*, 211 Mich App at 507.

Factors six also does not fully support dismissal. Willis attempted to cure his missed DMEs. In an e-mail sent in August 2021, Willis's lawyer acknowledged Willis missed the February 2021 and the May 2021 DMEs. Willis's lawyer provided an explanation and requested that the DME be rescheduled. As such, there was an attempt to cure the defect, thus weighing against dismissal. Finally, factor seven suggests dismissal was not appropriate in the circumstances of this case. In *Gueye*, this Court indicated when a motion to compel has not been brought for missed DMEs, compelling the noncompliant party to submit an DME may serve as a lesser "sanction that would better serve the interests of justice." *Gueye*, ___ Mich App at ___; slip op at 12. In this case, Willis was not subject to a motion to compel. Thus, rather than order dismissal, the trial court could have compelled Willis to appear at a scheduled DME in a court order. As a result, because "a lesser sanction would serve the interests of justice" this factor does not favor a finding of dismissal. *Vicencio*, 211 Mich App at 507.

In sum, the *Vicencio* factors weigh against dismissal. *Id*. The trial court abused its discretion in finding dismissal was appropriate. Additionally, the court erred by not fully considering whether lesser sanctions would serve the interests of justice. The record reflects that the court determined that the appropriate sanction was dismissal. In doing so, the court did not first address available lesser sanctions or reasons why they would be insufficient. Indeed, Willis was not subject to an order to compel and nothing in the record indicated that he would not comply

with a court order. As a lesser sanction, therefore, the court could have ordered him to appear at a DME. Additionally, as recognized by the trial court after it ordered dismissal, another potential sanction would have included to require Willis to pay the no-show fees associated with the missed DMEs. Given that the court immediately imposed dismissal as a sanction, we conclude that the court abused its discretion by failing to consider "alternative sanctions on the record." *Gueye*, ___ Mich App at ___; slip op at 7. On remand, the trial court shall consider alternative sanctions on the record and shall impose such lesser sanction or sanctions as are just. See MCL 500.3153.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Willis may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney